ALDRICH v AUTO-OWNERS INSURANCE COMPANY

Docket No. 45584. Submitted October 22, 1980, at Detroit.—Decided
      May 5, 1981.

Margaret Aldrich was injured in an automobile accident on
      August 27, 1975. She submitted a written application for per-
      sonal protection benefits to her insurer, Auto-Owners Insurance
      Company, on September 16, 1975. On November 22, 1976, she
      and Alfred Aldrich brought an action against Auto-Owners for
      failure to pay benefits. The Montmorency Circuit Court, Joseph
      P. Swallow, J., granted a partial summary judgment in favor of
      Auto-Owners, holding that claims for benefits prior to Novem-
      ber 22, 1975, one year prior to the commencement of the
      action, were barred. Plaintiffs appeal by leave granted. *Held:*

The one-year limitation provision contained in the statute
      controlling payment of personal protection benefits is unambig-
      uous and is to be given its literal meaning. The provision bars
      recovery of benefits for any portion of a claimant's loss in-
      curred prior to one year before commencement of an action
      against an insurer. The summary judgment was proper.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

The Court of Appeals should not deviate from the literal interpre-
      tation of a statute where the language of the statute is unam-
      biguous.

2. LIMITATION OF ACTIONS — JUDICIAL CONSTRUCTION.

Statutes of limitations are entitled to be fairly construed so as to
      advance the policy they are designed to promote and should not
      be defeated by an overstrict construction; however, the judi-
      ciary must strictly adhere to such periods of limitation and in

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 194, 195.
[2] 51 Am Jur 2d, Limitation of Actions §§ 48-51.
[3] 7 Am Jur 2d (Rev), Automobile Insurance § 369.
   Validity and Construction of "no-fault" automobile insurance plans.
      42 ALR3d 229.

construing such statutes a court should consider the purpose of the statute.

3. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — LIMITATION OF ACTIONS — STATUTES.
   The limitation of action provision contained in the personal protection insurance provision of the no-fault insurance statute is unambiguous and limits a claimant's recovery to expenses incurred within one year prior to the date that the claimant commences a law suit for recovery of personal protection benefits (MCL 500.3145[1]; MSA 24.13145[1]).

*Rensberry, Hoffmann & Fagerman, P.C.* (by *Robert Kaufman),* for plaintiffs.

*Dreyer & DuBois,* for defendant.

Before: DANHOF, C.J., and M. J. KELLY and D. L. SULLIVAN,* JJ.

M. J. KELLY, J. This case involves the interpretation of the Michigan no-fault insurance statute of limitations provision, MCL 500.3145(1); MSA 24.13145(1). Defendants argue that *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), *lv den* 406 Mich 862 (1979), was wrongly decided. Plaintiffs ask us to line up on the side of *Richards.* Although the trial court's opinion was not issued until May 10, 1979, 10 months after *Richards,* it simply ignored *Richards.* We do not approve that tactic, but neither are we able to follow the *Richards* holding.

This case was submitted on a stipulated concise statement of facts and proceedings in lieu of a transcript. The statement follows:

"1. On August 27, 1975, Margaret Aldrich suffered bodily injury arising out of the ownership, operation,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

maintenance or use of a motor vehicle as a motor vehicle.

"2. That at the time of this motor vehicle accident, Margaret Aldrich maintained a policy to provide security for payment of personal protection insurance benefits with Defendant-Appellee Auto-Owners Insurance Company (Auto-Owners).

"3. On September 16, 1975, Margaret Aldrich submitted a written application for benefits under the Auto-Owners policy.

"4. On or about November 22, 1976, Margaret Aldrich and Alfred Aldrich commenced a civil action in the Circuit Court for the County of Montmorency alleging, *inter alia,* the failure of Auto-Owners to pay personal protection insurance benefits in conformity with the terms of the policy.

"5. That Auto-Owners timely answered the Complaint, affirmatively pleading the defense of the statute of limitations, MCL 500.3145, and moved for accelerated judgment.

"6. That by its Order of May 29, 1979, the trial court, the Honorable Joseph Swallow presiding, granted the motion of Auto-Owners for partial accelerated judgment, to the effect that any claims of the Plaintiff for personal protection insurance benefits incurred prior to November 22, 1975, are barred."

The applicable statutory provision is § 3145(1), *supra,* which reads in pertinent part as follows:

"(1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred.

However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."

Defendant Auto-Owners does not argue that plaintiff's action was barred under the above section, but it contends that plaintiff's recovery must be limited to expenses incurred within one year prior to the date the law suit was commenced in order to give effect to the plain language of the statute. The *Richards* panel held that the no-fault time bar is tolled from the date an insured gives notice of loss until the date of formal denial of liability by the insurance company. Under *Richards,* therefore, the permissible period of recovery runs, apparently, from one year prior to the commencement of the action only if there is no hiatus between the giving of notice of loss by the insured and the denial of liability by the insurance company. This seems to us contrary to the plain language of the statute and results in impermissible judicial legislation. We believe the statutory language is unambiguous and see no need for departing from the literal interpretation. See *Becker v Detroit Savings Bank,* 269 Mich 432, 436; 257 NW 853 (1934).

In construing the statute to include a tolling provision the *Richards* Court stated:

"Thus, § 3145 must be construed in accordance with the Legislature's purpose in enacting no-fault insurance, *i.e.,* that persons injured in automobile accidents be promptly and adequately compensated for their losses arising out of the motor vehicle mishap. *Shavers v Attorney General,* 65 Mich App 355, 370; 237 NW2d 325 (1975), *aff'd in part* 402 Mich 554 (1977). See also MCL 500.3142(2); MSA 24.13142(2).

"If we were to accept defendant's interpretation of the statutory provision, we would in effect be penalizing

the insured for the time the insurance company used to assess its liability. To bar the claimant from judicial enforcement of his insurance contract rights because the insurance company has unduly delayed in denying its liability would run counter to the Legislature's intent to provide the insured with prompt and adequate compensation." 84 Mich App 629, 634.

If one of the purposes behind the quoted provision of the act is to encourage claimants to commence their actions in a timely fashion, cf., *Davis v Farmers Ins Group Cos,* 86 Mich App 45; 272 NW2d 334 (1978), it should not encourage procrastination by either party by undercutting such policy. The insured is not barred from seeking judicial enforcement of his claim and we have heard no argument in favor of a declaration of public policy to the effect that resort to the courts is an unacceptable or undesirable alternative.

We also find unpersuasive the *Richards* Court's reliance on *The Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588; 242 NW2d 396 (1976), as support for its conclusion that failure to toll commencement of the one-year period permits insurers to avoid certain of their obligations. In *Thomas,* the Court considered the effect of a one-year statute of limitations imposed by the insurer in the contract of insurance which was more severe than that herein; it would have barred all suits to recover benefits "unless the same be commenced within twelve (12) months next after discovery by the insured of the occurrence which gives rise to the claim". *Thomas, supra,* 592. There are, however, differing effects of contractual versus statutory periods of limitation. This Court has held that the intent of contracting parties, as evidenced by the instrument's language and attendant facts and circumstances, could prevail over the "literal

meaning of the expressions used in the agreement". See *Gary Boat Club, Inc v Oselka,* 31 Mich App 465, 470; 188 NW2d 127 (1971), *lv den* 385 Mich 770 (1971), and *Stark v Budwarker, Inc,* 25 Mich App 305; 181 NW2d 298 (1970).

Although we are permitted the same scope of review when the Legislature's intent does not correspond with the statute's plain meaning, *Rozelle v Dora,* 103 Mich App 607; 303 NW2d 43 (1981), *Bingham v American Screw Products Co,* 398 Mich 546, 563; 248 NW2d 537 (1976), no contrary meaning is evidenced here. In *Dozier v State Farm Mutual Automobile Ins Co,* 95 Mich App 121, 128; 290 NW2d 408 (1980), the Court noted the following authority as articulating the proper method for interpreting statutes of limitations:

"Statutes of limitations are entitled to be fairly construed, so as to advance the policy they are designed to promote, and should not be defeated by an overstrict construction.

"On the other hand, the judiciary must strictly adhere to such periods of limitation, and in construing such statutes, the court should consider the purpose thereof." 20 Michigan Law & Practice, Statute of Limitations, § 2, pp 545-546. (Footnotes omitted.)

*Dozier* also quoted *Bigelow v Walraven,* 392 Mich 566, 576; 221 NW2d 328 (1974), for its statement of the policy interests advanced by limitations statutes:

"Statutes of limitations are intended to 'compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend'; 'to relieve a court system from dealing with "stale" claims, where the facts in dispute occurred so long ago that evidence was either forgotten or manufac-

tured'; and to protect 'potential defendants from protracted fear of litigation'."

Accord, *Davis v Farmers Ins Group,* 86 Mich App 45; 272 NW2d 334 (1978), and *Keller v Losinski,* 92 Mich App 468; 285 NW2d 334 (1979), discussing § 3145(1).

Following the *Richards* analysis to its logical conclusion could produce a result directly contrary to the intent of the instant statute, "to encourage claimants * * * to bring their claims to court while those claims are still fresh". *Burns v Auto-Owners Ins Co,* 88 Mich App 663, 666; 279 NW2d 43 (1979). It is not unlikely that permitting the limitations period to be tolled would lead to months and years of delay on some claims, a result not envisioned or intended by the Legislature.

Applying § 3145(1) to the facts, we hold that the lower court properly barred that portion of the plaintiff's complaint seeking recovery for injuries incurred prior to November 22, 1975. Plaintiff's complaint, filed November 22, 1976, could not reach back to recover for injuries incurred more than one year before. The trial court's entry of partial accelerated judgment was not error.

Affirmed. Costs to appellee.