ENGLISH v THE HOME INSURANCE COMPANY

Docket No. 53580. Submitted December 2, 1981, at Detroit.—Decided
January 19, 1982.

Wolf English was injured in an automobile accident. The Home
Insurance Company, his insurer, thereupon paid no-fault insur-
ance benefits to English. Subsequently, English returned to
work and later stopped working. English requested that Home
pay him additional no-fault benefits. At Home's request, En-
glish submitted to an independent medical examination. Subse-
quently, Home notified English in writing that the medical
examination revealed no disability related to the accident and
that Home would not provide any further no-fault insurance
benefits. English retained counsel. Subsequently, Home sent
English's attorney a settlement offer which provided that if the
offer were not accepted within 10 days it would be withdrawn.
The offer was not accepted. English commenced suit against
Home for additional no-fault insurance benefits in Wayne
Circuit Court. Charles Kaufman, J., denied Home's motion for
accelerated judgment based on the limitation of actions provi-
sion in the no-fault act and entered judgment for English. The
defendant appeals and the plaintiff cross-appeals. Held:

1. The plaintiff had the right to commence an action any
time within one year after the most recent allowable expense
was incurred, but plaintiff's recovery should have been limited
to only those losses incurred within one year prior to the date
on which his action was commenced. The trial court should
have granted the defendant's motion for accelerated judgment
as to any losses incurred more than one year prior to com-
mencement of the plaintiff's action. The case should be re-
manded to the trial court to determine whether the doctrine of
equitable estoppel is applicable to the facts of the case since the
plaintiff contends that the defendant induced the plaintiff not

REFERENCES FOR POINTS IN HEADNOTES

[1] 7A Am Jur 2d, Automobile Insurance § 461.
Validity and construction of "no fault" automobile insurance plans.
42 ALR3d 229.
[2, 3] 7 Am Jur 2d, Automobile Insurance §§ 343, 344.
[3] 7 Am Jur 2d, Automobile Insurance § 357.

to commence his action until after the limitation period had run.

2. The trial court properly denied the plaintiff attorney fees since the defendant's refusal to make the no-fault payments was the result of a legitimate justifiable issue whether the claim was entirely or partially bound by the statutory provision on limitations for the action.

3. The trial court did not err in denying the plaintiff interest on the personal protection insurance benefits. The trial court's finding that the defendant was justified in making a thorough investigation to determine if the plaintiff's losses were related to the automobile accident was not clearly erroneous. The plaintiff failed to present reasonable proof of the fact and amount of the benefits to which he alleged he was entitled.

Affirmed in part, reversed in part, and remanded.

1. INSURANCE — NO-FAULT INSURANCE — LIMITATION OF ACTIONS — STATUTES.

The running of the one-year statute of limitations for the commencement of actions under the no-fault automobile statute is not automatically tolled from the day an insured gives notice of loss until liability is formally denied by the company; the limitation of actions provision contained in the personal protection insurance provision of the no-fault insurance statute allows an action to be commenced any time within one year of the most recent allowable expense; however, recovery is limited to only those expenses incurred within one year prior to commencement of the action (MCL 500.3145; MSA 24.13145).

2. INSURANCE — NO-FAULT INSURANCE — DELAY IN PAYMENTS TO INSURED.

Generally an insurer's delay in making payments to an insured under the no-fault act is not unreasonable where the delay is the product of a legitimate question of statutory construction, constitutional law, or bona fide factual uncertainty.

3. INSURANCE — NO-FAULT INSURANCE — PERSONAL PROTECTION BENEFITS — STATUTES.

The provision in the no-fault insurance act allowing an insured to recover interest on personal protection benefits if the benefits are not paid within 30 days after an insurer receives reasonable proof of the fact and amount of loss sustained does not provide for such interest where the insured fails to present reasonable proof of the fact and amount of benefits to which he is entitled (MCL 500.3142; MSA 24.13142).

*Gottlieb & Goren, P.C.,* for plaintiff.

*Young & Heckman,* for defendant.

Before: DANHOF, C.J., and J. H. GILLIS and BRONSON, JJ.

DANHOF, C.J. Defendant appeals, as of right, from a judgment in favor of the plaintiff for no-fault wage and medical benefits. Plaintiff cross-appeals from the same decision.

On November 29, 1973, plaintiff suffered injuries in an automobile accident. Defendant paid no-fault insurance benefits through May 13, 1974. Plaintiff returned to work in July of 1974 and worked until September 27, 1975. Some time after September of 1975, plaintiff requested additional no-fault benefits. At defendant's request, plaintiff submitted to an independent medical examination. On March 25, 1976, defendant notified plaintiff, in writing, that the medical examination revealed no disability related to the November, 1973, accident. This March 25, 1976, letter went on to state that defendant would not provide any further no-fault benefits and informed plaintiff that if he had any questions he should contact defendant's claims representative. After receipt of this letter, plaintiff retained counsel. On April 7, 1976, plaintiff's counsel informed defendant that he had been retained and requested records of any medical reports that the defendant might have. Plaintiff's counsel and defendant continued to correspond until November 7, 1977. During this time defendant requested, among other things, various records and medical authorizations from plaintiff. On November 7, 1977, defendant sent plaintiff's attorney a letter which contained a settlement offer of $2,000. This offer provided that if it was not accepted within 10 days it would be withdrawn. The settlement offer was not accepted.

On January 12, 1978, plaintiff commenced the instant action. Defendant moved for accelerated judgment based on the limitations period set forth at MCL 500.3145; MSA 24.13145. Defendant's motion was denied.[1] At the conclusion of a bench trial, plaintiff was awarded $18,347.

I

We will first address those issues raised by the defendant.

In moving for accelerated judgment, defendant relied on *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), *lv den* 406 Mich 862 (1979). Defendant argued, in part, that it formally rejected plaintiff's claim on March 25, 1976, and that, since plaintiff did not commence this action until January of 1978, plaintiff's action was barred by the statute of limitations. Defendant also argued that, even if plaintiff's action were not entirely barred, § 3145(1) limits plaintiff's recovery to losses incurred within one year of commencement of this action.

In responding to defendant's motion, plaintiff also relied on *Richards.* However, plaintiff argued that defendant did not reject plaintiff's claim until November of 1977, and that, under *Richards,* the statute of limitations found in § 3145(1) was tolled until then. Alternatively, plaintiff argued that defendant was estopped from raising the statute of

---

[1] Defendant reasserted the statute of limitations defense at trial, which was not held before the same judge who ruled on the preliminary motion for accelerated judgment. On appeal, defendant argues that the trial judge erred in stating that he was bound by the ruling on the preliminary motion. Our review of the record indicates that the trial court did, in fact, evaluate defendant's statute of limitations defense and found it to be without merit.

limitations defense in that defendant deliberately induced plaintiff not to file his action until after the limitations period had run.

The lower court found that defendant did not formally deny plaintiff's claim until November of 1977.[2]

Relying on *Richards,* the lower court went on to find that the limitations period set forth in § 3145(1) was tolled until November of 1977. Since plaintiff's action was commenced within one year of November, 1977, the lower court ruled that plaintiff's claim was not barred.

We must determine whether the lower court correctly interpreted § 3145(1) and correctly applied that statute to the facts of the instant case.

MCL 500.3145(1); MSA 24.13145(1), in pertinent part, provides:

"(1) An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced."

---

[2] Since this finding is not clearly erroneous, it will not be set aside on appeal. GCR 1963, 517.1.

Under facts somewhat similar to those presented in the instant case, *Richards* held that the running of the one-year statute of limitations found in § 3145(1) was tolled from the time the insured gave notice of loss until liability was formally denied by the insurer. Thus, under *Richards* where the insurer does not promptly deny liability the insured may recover benefits for losses incurred more than one year before the date on which the insured's action is commenced.

We disagree with the analysis of § 3145(1) found in *Richards* and hold that the running of the limitations period is not automatically tolled between the time the insured gives notice of its claim and the insurer denies liability. We find that the correct construction of § 3145(1) is to be found in *Aldrich v Auto-Owners Ins Co,* 106 Mich App 83; 307 NW2d 736 (1981), and in *Allstate Ins Co v Frankenmuth Mutual Ins Co,* 111 Mich App —; — NW2d — (1981).

In *Aldrich,* a panel of this Court held that the plain language of § 3145 limits recovery to expenses incurred within one year prior to the date the insured's action is commenced. In rejecting *Richards,* the *Aldrich* panel stated:

"Following the *Richards* analysis to its logical conclusion could produce a result directly contrary to the intent of the instant statute, 'to encourage claimants * * * to bring their claims to court while those claims are still fresh'. *Burns v Auto-Owners Ins Co,* 88 Mich App 663, 666; 279 NW2d 43 (1979). It is not unlikely that permitting the limitations period to be tolled would lead to months and years of delay on some claims, a result not envisioned or intended by the Legislature." *Aldrich, supra,* 849.

In *Allstate,* another panel of this Court con-

strued § 3145(1) as a statute of limitations and as a recovery limitations provision. The *Allstate* panel held that § 3145(1) allows an action to be commenced any time within one year of the most recent allowable expense; however, it also held that recovery is limited to only those expenses incurred within one year prior to commencement of the action.

Application of *Aldrich* and *Allstate* to the instant case requires a finding that, since some payments had already been made to plaintiff by defendant, plaintiff had the right to commence an action any time within one year after the most recent allowable expense was incurred.[3] However, plaintiff's recovery should have been limited to only those losses incurred within one year prior to the date on which his action was commenced. Under *Aldrich* and *Allstate,* the lower court should have granted defendant's motion for accelerated judgment as to any losses incurred more than one year prior to commencement of plaintiff's action.

However, this conclusion does not end our inquiry on this issue. As noted above, in response to defendant's motion for accelerated judgment, plaintiff asserted that defendant deliberately induced plaintiff not to commence his action until after the limitations period had run. Because of this, plaintiff argues that defendant was estopped from raising the statute of limitations as a defense.[4] Since the trial court relied on *Richards,* it did not address the merits of plaintiff's estoppel argument. Therefore, we remand to the trial court

[3] Plaintiff claimed that prior to commencement of suit he had incurred losses through July 20, 1977.

[4] See, *e.g., Huhtala v Travelers Ins Co,* 401 Mich 118, 132-133; 257 NW2d 640 (1977), *Yarger v Hastings,* 375 Mich 413, 418; 134 NW2d 726 (1965).

for consideration of whether the doctrine of equitable estoppel is applicable to the facts of the instant case. We do not express any view on the merits of plaintiff's estoppel claim.

The next issue defendant raises concerns whether plaintiff sustained his burden of proof that his losses were causally related to his automobile accident. More particularly, defendant asserts that plaintiff's medical expenses and lost wage claims are not due to the automobile accident of November, 1973, but rather are due to a work-related injury plaintiff suffered in September of 1975.

We find defendant's argument on this issue to be without merit. Our review of the evidence indicates that the trial court's finding as to causal connection between plaintiff's injuries and the automobile accident are not clearly erroneous and, therefore, those findings will not be set aside.

II

Since plaintiff may be successful on remand, and in any case will be allowed to recover for those losses incurred within one year prior to commencement of this action, we must address two issues raised by plaintiff as cross-appellant: (1) did the trial court err in not awarding him reasonable attorney fees as provided under MCL 500.3148; MSA 24.13148; and (2) did the court err in not awarding him 12% interest on overdue personal protection insurance benefits as provided in MCL 500.3142; MSA 24.13142?

Under § 3148 a court may award attorney fees for unreasonable refusal or unreasonable delay in making payments under the no-fault act. However, a refusal or delay in payments by an insurer will

not be found "unreasonable" within the meaning of § 3148 where the delay is the product of a legitimate question of statutory construction, constitutional law, or even a bona fide factual uncertainty. *Liddell v DAIIE*, 102 Mich App 636, 650; 302 NW2d 260 (1981). In the instant case the trial court denied attorney fees because it found that defendant's refusal to pay was the result of a legitimate, justiciable issue (*i.e.,* whether plaintiff's claim was entirely, or in part, barred by the statute of limitations). We agree with the trial court and find that attorney fees were properly denied.

Under § 3142 an insured may recover 12% interest on personal protection benefits if the benefits are not paid within 30 days after an insurer receives reasonable proof of the fact and amount of loss sustained. In the instant case, the trial court found that defendant was justified in making a thorough investigation to determine if plaintiff's losses were related to the automobile accident. The trial court found, in effect, that plaintiff failed to present reasonable proof of the fact and amount of benefits to which he is entitled. Since the trial court's findings of fact are not clearly erroneous, interest under § 3142 was properly denied. *Lewis v DAIIE*, 90 Mich App 251, 257; 282 NW2d 794 (1979).

Affirmed in part and reversed in part. Remanded for proceedings consistent with this opinion. We do not retain jurisdiction. No costs, interpretation of a statute being involved.