PREFERRED RISK MUTUAL INSURANCE COMPANY v STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

Docket No. 61085. Submitted November 8, 1982, at Lansing.—Decided February 23, 1983. Leave to appeal denied, 417 Mich 1100.9.

On December 2, 1977, Daniel Cassady drove his van, insured by defendant, State Farm Mutual Automobile Insurance Company, into the front of Bratton and Marjorie Horn's home, insured by plaintiff, Preferred Risk Mutual Insurance Company. The parties eventually decided that plaintiff would settle the claim with the Horns and would then submit to defendant its own claim as subrogee of its insured. Plaintiff eventually gave defendant written notice of subrogation on March 22, 1978. Between then and April 5, 1979, the two parties negotiated the claim. Then defendant denied liability claiming that the one-year period of limitation had run. Plaintiff sued defendant on July 3, 1979, in the Genesee Circuit Court, which ruled that the period of limitation had not run and granted judgment for plaintiff, Thomas C. Yeotis, J. Defendant appealed. *Held:*

The statutory period of limitation on actions based on insurance claims is tolled from the time the insurance company is notified of the claim until the company formally denies it.

Affirmed.

LIMITATION OF ACTIONS — INSURANCE.

The statutory period of limitation on actions based on insurance claims is tolled from the time the insurance company is notified of the claim until the company formally denies it.

*Peter C. Payette, P.C.* (by *Kimberly R. Hulihan),* for plaintiff.

*Philip M. Ambrose, P.C.,* and *John A. Ransom, P.C.,* for defendant.

---

REFERENCE FOR POINTS IN HEADNOTE

44 Am Jur 2d, Insurance § 1876 *et seq.*

Before: T. M. BURNS, P.J., and BEASLEY and K. A. HANSEN,* JJ.

T. M. BURNS, P.J. On November 11, 1981, the trial judge issued an order granting judgment to plaintiff for $24,327.38. Defendant appeals as of right.

On December 2, 1977, Daniel Cassady drove his van (insured by defendant) into the front of Bratton and Marjorie Horn's home (insured by plaintiff). The parties eventually decided that plaintiff would settle the claim with the Horns and would then submit to defendant its own claim as subrogee of its insured. Plaintiff eventually gave defendant written notice of subrogation on March 22, 1978. Between then and April 5, 1979, the two parties negotiated the claim. However, on that day, defendant denied liability claiming that the one-year period of limitation had run. MCL 500.3145(2); MSA 24.13145(2). Plaintiff sued on July 3, 1979. Defendant now claims that the trial judge erred in finding that the period of limitation had not run.

Although this particular case presents an issue of first impression,[1] other cases have addressed very similar issues. In *The Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588; 242 NW2d 396 (1976), the Supreme Court held that a 12-month limitation contained in an insurance

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] In *Home Ins Co v Rosquin,* 90 Mich App 682; 282 NW2d 446 (1979), *lv den* 408 Mich 855 (1980), the plaintiff sent the defendant Auto-Owners Insurance Company written notice of the December 13, 1974, accident on April 4, 1975. Four months and four days later, Auto-Owners denied liability. Plaintiff eventually sued Auto-Owners on May 8, 1976. Plaintiff argued that the period of limitation was tolled between the time it gave written notice and Auto-Owners' rejection of the claim. This Court noted that even if it tolled the period of limitation during that time, plaintiff still did not sue soon enough.

company's policy was tolled between the time the company received notice and when it formally denied the claim.

*Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), *lv den* 406 Mich 862 (1979), extended *Tom Thomas* to the statute of limitations set forth in MCL 500.3145(1); MSA 24.13145(1). There, the accident occurred on April 13, 1974. Six days later, the plaintiff gave the defendant notice. Over a year later, on June 10, 1975, the defendant refused to pay. Thirteen days later, the plaintiff sued. This Court held that the period of limitation had not run:

> "To bar the claimant from judicial enforcement of his insurance contract rights because the insurance company has unduly delayed in denying its liability would run counter to the Legislature's intent to provide the insured with prompt and adequate compensation." 84 Mich App 634.

*Richards* has subsequently been followed by *Lansing General Hospital, Osteopathic v Gomez,* 114 Mich App 814; 319 NW2d 683 (1982). See also *Andrews v Allstate Ins Co,* 479 F Supp 481 (ED Mich, 1979).

On the other hand, *Richards* has been rejected by *English v The Home Ins Co,* 112 Mich App 468; 316 NW2d 463 (1982), *Allstate Ins Co v Frankenmuth Mutual Ins Co,* 111 Mich App 617; 314 NW2d 711 (1981), *lv den* 414 Mich 917 (1982), and *Aldrich v Auto-Owners Ins Co,* 106 Mich App 83; 307 NW2d 736 (1981). These three cases and the dissent in *Lansing General* have criticized *Richards* on four points. (1) Allowing tolling in this situation runs contrary to the statute's plain language and thus amounts to judicial legislating. (2) "The insured is not barred from seeking judicial

enforcement of his claim and we have heard no argument in favor of a declaration of public policy to the effect that resort to the courts is an unacceptable or undesirable alternative." *Aldrich, supra,* p 87. (3) Interpreting a *statute* of limitations is different than interpreting a contractual limitation period as done in *Tom Thomas.* (4) The statute of limitations is designed to relieve the courts of stale claims. See *Pendergast v American Fidelity Fire Ins Co,* 118 Mich App 838; 325 NW2d 602 (1982).

We find none of these arguments persuasive. Arguments (1) and (3) have been substantially undercut by *Ford Motor Co v Lumbermens Mutual Casualty Co,* 413 Mich 22, 38; 319 NW2d 320, 325 (1982). There, the Supreme Court held that the statutory standard form fire insurance policy, MCL 500.2832; MSA 24.12832, is to be interpreted as tolling the period of limitation between the plaintiff's giving notice and the insurance company's denying the claim:

> "Our present interpretation of the statutory policy as a whole comports with this purpose. This interpretation assures that the insured is given one full year to institute suit. At the same time, it places no untoward burden upon insurers."

In fact, this language is somewhat similar to the following language used in *Richards:*

> "Applying the approach taken by the *Thomas* Court to § 3145 would effectuate the legislative intent in enacting the no-fault act. Unable to profit from processing delays, insurance companies will be encouraged to promptly assess their liability and to notify the insured of their decision. At the same time, the insured will have a full year in which to bring suit." 84 Mich App 635.

The statutory form fire insurance policy states:

> "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss." MCL 500.2832; MSA 24.12832.

Conceivably, this statute is unambiguous and, therefore, cannot be interpreted to allow tolling. See *Ford Motor Co v Lumbermens Mutual Casualty Co,* 413 Mich 22, 50; 319 NW2d 320, 330-331 (1982) (RYAN, J., *dissenting).* But the Supreme Court majority still interpreted the statute that way.

MCL 500.3145(2); MSA 24.13145(2) (the relevant statute in the present case) states: "An action for recovery of property protection insurance benefits shall not be commenced later than 1 year after the accident." We do not believe that either this statute or MCL 500.3145(1); MSA 24.13145(1) more clearly rules out tolling than does MCL 500.2832; MSA 24.12832.

Argument (4) is likewise uncompelling. Preventing stale claims from reaching the courts is certainly a laudable consideration, but it does not apply in this case. The statute of limitations is primarily for a defendant's benefit. The defendant insurance company can protect itself from stale claims by promptly responding to the plaintiff's claim. As such, this particular matter is uniquely within the defendant insurance company's control.

Argument (2) is facially intriguing. The plaintiff could always completely protect his claim by suing before the statute has run. Yet this argument ignores an important judicial policy—discouraging litigation. See *Alexander v Gardner-Denver Co,*

415 US 36; 94 S Ct 1011; 39 L Ed 2d 147 (1974). Requiring such a suit would obviously encourage litigation. Furthermore, requiring the suit could adversely affect the negotiations between the parties. Parties negotiating usually wish to keep the process at least somewhat friendly. Requiring a lawsuit just to keep the claim alive may dampen the atmosphere. See *Johnson v Railway Express Agency,* 421 US 454; 95 S Ct 1716; 44 L Ed 2d 295 (1975) (Marshall, J., *dissenting).*

On the other hand, policy considerations strongly favor tolling. Otherwise an insurance company can completely escape liability merely by refusing to process the claim. Such a result is obviously unjust and even borders on the fraudulent. The average plaintiff in this situation is most likely unsophisticated. He does not have the army of lawyers working for him that an insurance company has. The risk of the insurance company's procrastination should not lie on the plaintiff.

Furthermore, as noted in *Ford Motor* and *Richards,* this interpretation comports with the statute's intent. With the incentive to procrastinate removed, the insurance company will more likely process the claim expeditiously.

The present situation, however, is somewhat different. The basic distinction between this case and *Richards* is that plaintiff itself is also an insurance company: "plaintiff is an insurance company itself and is presumably well aware of the much-publicized insurance law of this state". *Home Ins Co v Rosquin,* 90 Mich App 682, 686; 282 NW2d 446 (1979). Yet the preceding rationale applies here as well. Defendant should not be allowed the statute's protection merely by announcing in the middle of negotiations that it will not be reimbursing according to its agreement

merely because the statute has run. In fact, the testimony in this case indicated that insurance companies seldom invoke the statute under these circumstances. A defendant insurance company can, therefore, catch the other insurance company unaware. Furthermore, requiring the suit could just as easily hamper negotiations as in the *Richards* situation in addition to providing the defendant insurance company with an incentive to procrastinate.

Affirmed.