JOINER v MICHIGAN MUTUAL INSURANCE COMPANY

Docket No. 68105. Submitted March 12, 1984, at Detroit.—Decided September 17, 1984.

Plaintiff, Jerry D. Joiner, was injured in a series of motor vehicle accidents while in the course of his employment. Defendant, Michigan Mutual Insurance Company, insured plaintiff's employer for both no-fault and workers' compensation liability. Defendant initially paid medical expenses and workers' compensation benefits but terminated those benefits when it determined that plaintiff's injuries were not work related. Plaintiff then filed a complaint with the Michigan Insurance Bureau, stating that he had filed for both workers' compensation and no-fault benefits. Defendant's reply to that complaint referred only to the workers' compensation claim. Plaintiff did in fact file a claim for workers' compensation benefits. The decisions of the hearing referee were appealed to the Workers' Compensation Appeal Board and that appeal was pending at the time that trial was held in the instant matter. Plaintiff brought this action for no-fault benefits. In decisions on pretrial motions the court held that defendant was not allowed to set off workers' compensation benefits, that plaintiff had complied with the notice requirements of the no-fault act, and that because defen-

REFERENCES FOR POINTS IN HEADNOTES

[1] 7 Am Jur 2d, Automobile Insurance §§ 34, 369, 370.

[2] 7A Am Jur 2d, Automobile Insurance § 461.

[3] 7 Am Jur 2d, Automobile Insurance § 368.

[4] 4 Am Jur 2d, Appeal and Error § 84.

[5] 1 Am Jur 2d, Actions § 94 et seq.

[6] 46 Am Jur 2d, Judges § 41 et seq.

62 Am Jur 2d, Pretrial Conference and Procedure § 37 et seq.

Propriety of federal district judge's overruling or reconsidering decision or order previously made in same case by another district judge. 20 ALR Fed 13.

[7] 7 Am Jur 2d, Automobile Insurance § 340 et seq.

What constitutes bad faith on part of insurer rendering it liable for statutory penalty imposed for bad faith in failure to pay, or delay in paying, insured's claim. 33 ALR4th 579.

Automobile insurer's liability for statutory excess interest for delayed payment of no-fault claim. 14 ALR4th 761.

dant had not formally denied the claim plaintiff was not limited by the one-year back provision of the statute. Following a jury trial, the Wayne Circuit Court, Victor J. Baum, J., entered a judgment in favor of plaintiff. Defendant appealed, alleging several errors, and plaintiff cross-appealed, alleging error in the court's denial of attorney fees. *Held:*

1. Plaintiff's complaint to the Insurance Bureau sufficiently apprised defendant of the pendency of a possible no-fault claim. This was substantial compliance with the statutory notice provision of the no-fault act, and was sufficient for purposes of the act.

2. The period of limitation of the no-fault act is tolled from the time written notice of the injury is provided to the insurer until the time the insurer formally denies the claim. Furthermore, the insurer's reply to the Insurance Bureau complaint did not constitute a formal denial of the no-fault claim as it dealt solely with plaintiff's workers' compensation claim. Thus, plaintiff's claim was not limited by the one-year back provision of the no-fault act.

3. Defendant was not entitled to set off workers' compensation benefits against the no-fault work-loss benefits because, at the time of trial, the workers' compensation claim was still pending and, thus, no benefits were "provided or required to be provided" at that time. In the event such benefits are ultimately provided the trial court may enter a judgment preventing duplicative recovery.

4. The trial court did not abuse its discretion in refusing to adjourn the trial to await the decision of the WCAB.

5. The trial court had no authority to set aside or vacate the orders of the pretrial judge, and thus did not err in denying defendant's motion to review those orders.

6. Admission of certain irrelevant portions of a witness's deposition was harmless and does not require reversal, nor does the admission of certain rebuttal testimony.

7. The court did not err in denying plaintiff's request for attorney fees. The case involved legitimate issues of statutory construction and factual issues concerning medical causation of the claimed injuries. Therefore, defendant's failure to make voluntary payments of no-fault benefits was not unreasonable.

Affirmed.

1. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION — NOTICE.

Notice of a workers' compensation claim, to an insurer which is also a no-fault automobile insurer, does not necessarily satisfy

the notice requirements of the no-fault act where the notice is not likely to alert the insurer to the pendency of a possible no-fault claim; however, substantial compliance with the notice provision which does in fact apprise the insurer of the need to investigate and to determine the possible liability of the insurer's fund is sufficient notice under the no-fault act (MCL 500.3145[1]; MSA 24.13145[1]).

2. INSURANCE — NO-FAULT INSURANCE — LIMITATION OF ACTIONS.

The statutory period of limitation on actions for recovery of no-fault insurance benefits is tolled from the time written notice of injury is provided to the insurer until the time the insurer formally denies the no-fault claim.

3. INSURANCE — NO-FAULT INSURANCE — WORKERS' COMPENSATION.

A worker injured in a motor vehicle accident is obliged under the no-fault act to use reasonable efforts to obtain workers' compensation benefits which are required to be paid for the injury under the workers' compensation act; where the worker has done so but the workers' compensation claim is still pending the no-fault insurer may not set off potential workers' compensation benefits against no-fault work-loss benefits (MCL 500.3109[1]; MSA 24.13109[1]).

4. MOTIONS AND ORDERS — APPEAL — ADJOURNMENT.

A trial court's decision on a motion to adjourn trial will not be disturbed by the Court of Appeals absent a finding of an abuse of discretion.

5. TRIAL — NO-FAULT INSURANCE — ADJOURNMENT.

There is no general rule requiring a trial court in an action to recover no-fault insurance benefits to hold the case in abeyance pending issuance of a decision on a workers' compensation claim arising from the same injury.

6. JUDGES — COURT RULES.

Orders issued by a circuit judge in the pretrial conference of a case may not generally be set aside or vacated by a different circuit judge who thereafter hears the case at trial (GCR 1963, 529.2).

7. INSURANCE — NO-FAULT INSURANCE — ATTORNEY FEES — DELAY IN PAYMENT.

A no-fault insurer's delay in payment of benefits is not unreasonable where it is a product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty; in delays under such circumstances the insurer may not

be charged for the plaintiff's attorney fees (MCL 500.3148; MSA 24.13148).

*Law Offices of Smith & Quinn, P.C. (by Richard M. Amsbaugh),* for plaintiff.

*Joselyn, Rowe, Jamieson, Grinnan, Callahan & Hayes, P.C. (by Joseph E. Grinnan),* for defendant.

Before: HOOD, P.J., and V. J. BRENNAN and P. E. DEEGAN,* JJ.

P. E. DEEGAN, J. On November 5, 1982, judgment was entered on a jury verdict awarding no-fault benefits to plaintiff. Defendant appeals as of right, challenging various pretrial orders and evidentiary rulings made by the trial court. Plaintiff has filed a cross-appeal alleging error in the trial court's denial of attorney fees.

Plaintiff was employed by United Trucking, Inc., which was insured by defendant for both no-fault and workers' compensation liability. Plaintiff allegedly suffers from disabling traumatic epilepsy resulting from three successive injuries incurred during the course of his employment: (1) an injury to his right arm sustained on November 3, 1976, when he fell from a truck, (2) a head injury sustained on November 5, 1976, in a truck accident, said to have occurred as a result of drowsiness attributable to pain medication taken in connection with the earlier injury, and (3) a second head injury sustained on December 1, 1976, when plaintiff blacked out while driving a yard switcher shortly after his release form the hospital following the earlier head injury. Defendant paid initial medical expenses and workers' compensation benefits from November 6, 1976, through November 27,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

1976, at which time defendant terminated the benefits due to its determination that plaintiff's disability was not employment related.

On April 1, 1977, plaintiff filed a complaint with the Michigan Insurance Bureau. The contents and effect of the complaint will be discussed *infra.* Defendant responded to the complaint by way of a May 3, 1977, letter from its workers' compensation supervisor to the insurance bureau. The bureau forwarded the letter to plaintiff on May 12, 1977.

In the meantime, on April 25, 1977, plaintiff filed a petition for hearing with the Bureau of Workers' Disability Compensation. On May 15, 1979, the workers' compensation hearing referee issued a decision finding that the injuries suffered by plaintiff were compensable. The referee awarded medical expenses and a closed award of compensation benefits to November 13, 1978. The referee issued a second decision in September, 1980, finding that plaintiff's health problems as of that date were not employment related. Both plaintiff and defendant appealed the referee's decisions to the Workers' Compensation Appeal Board.

Plaintiff filed the present action in the Wayne County Circuit Court on November 9, 1978, seeking no-fault benefits. On May 12, 1981, defendant moved for summary judgment on the basis that its liability as no-fault insurer was limited to the difference between plaintiff's weekly compensation benefits and the amount of work-loss benefits mandated by the no-fault statute, up to a maximum of three years pursuant to MCL 500.3109; MSA 24.13109. The motion was denied by order of June 9, 1981.

Plaintiff moved for partial summary judgment pursuant to GCR 1963, 117.2(3), requesting a finding as a matter of law that plaintiff had complied

with the no-fault notice requirement of MCL 500.3145(1); MSA 24.13145(1). The trial court granted the motion and further ruled that, since defendant had not given formal denial of plaintiff's no-fault claim, plaintiff was not limited by the one-year back provision of § 3145(1). The order further denied defendant's motion for rehearing of the court's June 9, 1981, order. The June 29, 1981, order was subsequently upheld on defendant's motion for rehearing.

A jury trial was held during October, 1982. The primary issue at trial was medical causation. The jury returned a special verdict in the amount of $118,040, which included proven allowable expenses, work-loss benefits for three years and 12% no-fault statutory interest calculated on the allowable expenses and work loss. Pursuant to a pretrial stipulation, defendant was given credit for certain expenses and benefits paid by it as workers' compensation and for some wages earned by plaintiff during his disability. The total judgment including interest and costs was $158,940. Plaintiff's motion for attorney fees was denied.

I

*Did the trial court err in granting plaintiff's motion for partial summary judgment and holding that defendant received notice of the injury as required by the no-fault act, MCL 500.3145(1); MSA 24.13145(1)?*

MCL 500.3145(1); MSA 24.13145(1) provides:

"An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been

given to the insurer within 1 year after the accident or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

Defendant asserts that the trial court erred in holding that plaintiff's April 1, 1977, complaint filed with the insurance bureau constituted sufficient notice under § 3145(1). We do not agree.

Recent decisions of this Court have held in varying circumstances that where the no-fault insurer and the workers' compensation insurer are the same entity, notice of a workers' compensation claim does not necessarily satisfy the notice requirements of § 3145(1), where the notice is not likely to alert the insurer to the pendency of a possible no-fault claim. See *Spayde v Advanced Foam Systems, Inc,* 124 Mich App 454; 335 NW2d 1 (1983); *Robinson v Associated Truck Lines, Inc,* 135 Mich App 571; 355 NW2d 282 (1984); *Myers v Interstate Motor Freight System,* 124 Mich App 506; 335 NW2d 19 (1983).

In *Spayde, supra,* the plaintiff was injured while loading merchandise onto a trailer owned by his employer, Advanced Foam Systems, Inc. Within one year of the accident, a supervisor's report and

workers' compensation basic Form 100 were completed and sent to Citizens Insurance Company, which was both the workers' compensation and no-fault carrier for Advanced Foam. More than a year after the accident, plaintiff filed suit for no-fault benefits for injuries arising out of the accident. The Court held that under those circumstances notice of the workers' compensation claim was not sufficient notice under the no-fault statute. The Court noted that mere notice of an injury under circumstances unrelated to a possible claim for no-fault benefits does not trigger the insurer's investigative procedures nor does it advise the insurer of the need to appropriate funds for settlement. The Court issued similar holdings in *Robinson, supra,* and *Myers, supra.*

We find, however, that the above decisions are distinguishable and do not control the instant case. In *Dozier v State Farm Mutual Automobile Ins Co,* 95 Mich App 121, 128; 290 NW2d 408 (1980), *lv den* 409 Mich 911 (1980), the Court applied rules of statutory construction and found that "substantial compliance with the written notice provision which does in fact apprise the insurer of the need to investigate and to determine the amount of possible liability of the insurer's fund, is sufficient compliance under § 3145(1)". See also *Heikkinen v Aetna Casualty & Surety Co,* 124 Mich App 459; 335 NW2d 3 (1983).

In *Spayde, Robinson* and *Myers,* the notice given to the insurer (or self-insured employer) made no express mention of or claim for no-fault benefits. Since the notice of injury in those cases did not alert the insurer to the pendency of a possible no-fault claim, the statutory policy to provide time to investigate and to appropriate funds for settlement purposes was not served by the notice. In the

present case, however, the insurance bureau complaint contained the following handwritten statement:

"Because of two accidents which occurred on the above dates, while driving a [company] vehicle, I have filed for both no-fault benefits, and/or workmens' compensation benefits. In both instances, my claims were denied. I have suffered extreme financial loss, and I am requesting the assistance of the Michigan Insurance Bureau."

The complaint also clearly stated that the accident involved a motor vehicle. Under these circumstances, this Court finds that the complaint was designed to and did in fact apprise defendant of the pendency of a possible no-fault claim. The notice was sufficient under § 3145(1).

## II

*Is the period of limitation and one-year-back provision of § 3145(1) for recovery of no-fault personal injury protection benefits tolled from the time the claimant provides proper written notice of injury until the time the insurer formally denies the claim?*

The accidents occurred on November 3 and 5, 1976, and December 1, 1976. Plaintiff provided written notice in the form of the insurance bureau complaint on April 1, 1977. This lawsuit was filed on November 9, 1978. On plaintiff's motion for partial summary judgment, the trial court ruled that, since defendant had not given formal denial of plaintiff's no-fault claim, plaintiff was not limited by the one-year-back provision of § 3145(1). Defendant appeals, claiming that no tolling of the one-year-back provision is required under the stat-

ute and that, in any event, defendant's May 3, 1977, letter in response to plaintiff's insurance bureau complaint constituted formal denial of no-fault benefits.

Panels of this Court are divided on the issue of whether the period of limitation in the statute is tolled prior to the time the insurer formally denies the insured's claim for benefits. Compare *Preferred Risk Mutual Ins Co v State Farm Mutual Automobile Ins Co,* 123 Mich App 416; 333 NW2d 303 (1983), *lv den* 417 Mich 1100.9 (1983); *Lansing General Hospital, Osteopathic v Gomez,* 114 Mich App 814; 319 NW2d 683 (1982), and *Richards v American Fellowship Mutual Ins Co,* 84 Mich App 629; 270 NW2d 670 (1978), *lv den* 406 Mich 862 (1979), (finding that tolling is required), with *Kransz v Meredith,* 123 Mich App 454; 332 NW2d 571 (1983); *English v Home Ins Co,* 112 Mich App 468; 316 NW2d 463 (1982); *Allstate Ins Co v Frankenmuth Mutual Ins Co,* 111 Mich App 617; 314 NW2d 711 (1981), *lv den* 414 Mich 917 (1982), and *Aldrich v Auto-Owners Ins Co,* 106 Mich App 83; 307 NW2d 736 (1981), (finding that no tolling is required).

This Court finds the reasoning of *Preferred Risk* and *Richards* persuasive. See also *Ford Motor Co v Lumbermens Mutual Casualty Co,* 413 Mich 22; 319 NW2d 320 (1982), and *Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588; 242 NW2d 396 (1976). For the reasons stated in those decisions, we hold that the period of limitation provided in the statute is tolled from the time written notice of injury is provided to the insurer until the time the insurer formally denies the no-fault claim.

Defendant also asserts that the May 3, 1977, letter in response to plaintiff's insurance bureau

complaint constituted a formal denial of no-fault benefits. We disagree. The letter was from defendant's workers' compensation supervisor and pertained entirely to plaintiff's workers' compensation claim. No express or implied reference to no-fault benefits was made. We hold that the letter did not constitute a formal denial of no-fault benefits. The trial court correctly ruled that plaintiff was not limited by the one-year-back provision of the statute.

## III

*Did the trial court err in denying defendant's motion to set off workers' compensation benefits against no-fault work-loss benefits where, at the time of trial, plaintiff's claim for workers' compensation benefits was pending before the workers' compensation appeal board?*

Defendant moved prior to trial for summary judgment, claiming that it was entitled to a setoff for workers' compensation benefits. Plaintiff had been awarded workers' compensation benefits by a hearing referee and, at the time of trial, the workers' compensation claim was pending before the appeal board. Defendant argued in the trial court that its no-fault liability was limited to the difference between plaintiff's weekly compensation benefits and the amount of work-loss benefits mandated by the no-fault statute, up to a maximum of three years. The trial court denied the motion and no setoff was provided, except for a stipulated amount of workers' compensation benefits which had actually been paid to plaintiff at the time of trial.

MCL 500.3109(1); MSA 24.13109(1) provides:

"Benefits provided or required to be provided under the laws of any state or the federal government shall be subtracted from the personal protection insurance benefits otherwise payable for the injury."

This statute was recently interpreted by the Supreme Court in *Perez v State Farm Mutual Automobile Ins Co,* 418 Mich 634; 344 NW2d 773 (1984). The *Perez* Court interpreted the phrase "required to be provided" in § 3109(1) as meaning that an injured worker is obliged to use reasonable efforts to obtain payments that are available from a workers' compensation insurer.

In this case it is clear that plaintiff made every reasonable effort to obtain workers' compensation benefits; however, at the time of trial his workers' compensation claim was pending before the WCAB. Therefore, no benefits were provided or required to be provided to him at that time. It was defendant's burden at the time of trial to prove its entitlement to a setoff under § 3109(1). Defendant was unable to do so and in fact did not attempt to do so in this case. We conclude that defendant failed to establish its entitlement to a setoff under the statute. The trial court did not err in denying defendant's motion for summary judgment. We note, however, that there is nothing to prohibit the trial court from entering a judgment preventing duplicative recovery by requiring plaintiff to reimburse defendant in the event workers' compensation benefits are ultimately provided or required to be provided to plaintiff.[1]

## IV

*Did the trial court err in denying defendant's*

[1] The Workers' Compensation Appeal Board issued a decision on October 12, 1983, finding in favor of plaintiff. The WCAB modified the referee's first decision to reflect an open award of benefits and reversed the referee's second decision, finding that plaintiff's continuing health problems are employment related.

*motion to adjourn trial and hold the case in abeyance pending resolution of the workers' compensation appeal?*

Defendant contends that the trial court erred in denying its motion to adjourn the October 6, 1982, trial date and hold the case in abeyance pending resolution of the workers' compensation appeal. We do not agree.

The trial court's decision on a motion to adjourn trial will not be disturbed by this Court absent a finding of abuse of discretion. *Moldovan v Allis Chalmers Manufacturing Co,* 83 Mich App 373, 382; 268 NW2d 656 (1978), *lv den* 406 Mich 916 (1979), *cert den* 444 US 1034 (1980). The date set for trial in this case was nearly four years after the suit was commenced and nearly six years following the accidents giving rise to the action. Defendant cites no authority to support its position that a circuit court is required to hold a case in abeyance pending issuance of a WCAB decision. It is clear that no such general rule exists in this state. Such a requirement would run contrary to the principle stated by the Supreme Court in *Perez, supra,* that the Worker's Disability Compensation Act and the no-fault act are complete and self-contained statutory schemes. It would also conflict with the legislative intent underlying the no-fault act, which is to provide assured, adequate and prompt compensation for persons injured in automobile accidents. *Perez, supra.* Furthermore, defendant's contention that a decision rendered by the WCAB would provide an ultimate and definitive resolution of the present case is unpersuasive since the WCAB decision is subject to further appeals. The trial court did not abuse its discretion in denying the motion to adjourn.

V

*Did the trial judge err in denying defendant's*

*motion* in limine *to review orders of the pretrial judge concerning the notice, one-year-back and setoff issues?*

The original orders on these matters were issued by a pretrial judge assigned to the case. Shortly before trial defendant requested the trial judge to review the pretrial decisions. The trial judge stated his belief that he did not have authority to review the pretrial judge's orders and subsequently stated that, to the extent he did have discretion, he would not disturb the pretrial judge's decisions.

GCR 1963, 529.2 provides:

"Correction of Error by Other Judges. No judgment or order shall be set aside or vacated, and no proceeding under a judgment or order shall be stayed by any circuit judge except the one who made the judgment or order, unless he is absent or unable to act. If the circuit judge who made the judgment or order is absent or unable to act, an order vacating or setting aside the judgment or order or staying proceedings under the judgment or order may be made by any of the other judges of the circuit or any judge assigned to the circuit."

Neither party has cited any Wayne County Circuit Court rule which would override this General Court Rule provision. We read rule 529.2 as barring the trial judge from setting aside or vacating the decision of the pretrial judge under the present circumstances. The trial judge did not err in declining to disturb the pretrial judge's orders. Moreover, since the matters sought to be reviewed by defendant involved questions of law which have been reviewed by this Court, defendant is unable to show any prejudice from the trial judge's decision.

## VI

*Were the trial court's evidentiary rulings erroneous?*

Defendant challenges two evidentiary rulings of the trial court. The videotaped deposition of plaintiff's treating psychiatrist was admitted and shown to the jury at trial. During examination by plaintiff's counsel, the doctor stated that during the course of treatment plaintiff mentioned the legal problems he was having with defendant. Defendant's motion to strike this portion of the videotaped deposition was denied. Defendant now claims that the evidence was irrelevant and prejudicial.

While we agree with defendant that the challenged portion of the deposition was not relevant to any material issue at trial, we believe the prejudicial effect was minimal and does not require reversal. Defense counsel's follow-up questions to the doctor were also admitted at trial and served to reduce any prejudice. The most that can be inferred from the doctor's deposition testimony was that plaintiff was frustrated in his dealings with the insurance company, and that this frustration was consistent with his entire psychiatric condition following the accident.

Defendant also contends that the trial court erred in admitting the deposition of Dr. Rieger as rebuttal testimony. The testimony was produced to rebut evidence presented by defendant which tended to show that plaintiff's epileptic disease was pre-existing and was not related to the 1976 accidents. This Court finds that the trial court did not abuse its discretion in admitting the rebuttal testimony.

## VII

*Did the trial court abuse its discretion in denying plaintiff attorney fees pursuant to MCL 500.3148; MSA 24.13148?*

This issue is raised in plaintiff's cross-appeal. Section 3148(1) of the no-fault act provides:

"An attorney is entitled to a reasonable fee for advising and representing a claimant in an action for personal or property protection insurance benefits which are overdue. The attorney's fee shall be a charge against the insurer in addition to the benefits recovered, if the court finds that the insurer unreasonably refused to pay the claim or unreasonably delayed in making proper payment."

A delay is not unreasonable where it is a product of a legitimate question of statutory construction, constitutional law, or a bona fide factual uncertainty. *English v Home Ins Co,* 112 Mich App 468, 476; 316 NW2d 463 (1982); *Liddell v DAIIE,* 102 Mich App 636, 650; 302 NW2d 260 (1981).

This Court finds that the present case does involve legitimate issues of statutory construction as well as factual questions concerning medical causation. The trial court's finding that defendant did not act unreasonably in failing to make voluntary payment of no-fault benefits is not clearly erroneous.

Affirmed.