**NORFOLK & WESTERN RAILWAY COMPANY, Plaintiff–Appellee,**

v.

**AUTO CLUB INSURANCE ASSOCIATION, Defendant–Appellant.**

**No. 88–1407.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 2, 1989.

Decided Jan. 29, 1990.

Rehearing Denied March 9, 1990.

David G. Chardavoyne (argued), Bodman, Long & Dahling, Detroit, Mich., for plaintiff-appellee.

Mary T. Nemeth (argued), James G. Gross, MacArthur, Cheatham & Acker, Charles A. Pfeffer, Brandt, Hanlon & Becker, Detroit, Mich., for defendant-appellant.

Before KRUPANSKY and BOGGS, Circuit Judges, and ENGEL,* Senior Circuit Judge.

ENGEL, Senior Circuit Judge.

In this Michigan diversity case, defendant Auto Club Insurance Association (ACIA) appeals a judgment awarding plaintiff Norfolk & Western Railway Company (N & W) $300,000 damages under Michigan's "no fault" statute. At issue is whether the limitation period built into the no-fault statute can be tolled and, if so, how and how long.

On May 2, 1985, Michael Alfrey drove an automobile into the side of a moving N & W train in Madison Township, Michigan. Twenty-three railroad cars and several hundred yards of track were destroyed. N & W was responsible to repair the track and either owned or was responsible to repair or replace the damaged railroad cars.

Alfrey was insured for property protection benefits by ACIA under Michigan's No-Fault Automobile Insurance Law, Mich.Comp.Laws Ann. §§ 500.3101–500.-3179 (West 1983). On May 7, 1985, Thomas Brady, district claim agent for N & W, was contacted by Robert Grul, ACIA's agent. Brady informed Grul that N & W was claiming property protection insurance benefits under Alfrey's policy.

Brady and Grul communicated regularly from May to July, 1985. Brady explained that the damaged railroad cars were being repaired at numerous locations throughout the Midwest and that consequently, it would take a substantial period of time to determine the total losses incurred by N & W. Based on Brady's rough estimate that the total would be between $250,000 and $350,000, ACIA established a reserve for N & W's claim of $300,000. ACIA assigned the claim a file number and Grul investigated the scene of the accident. ACIA at that time determined that the claim was covered by Alfrey's policy.

There was no regular communication between Grul and Brady after July, 1985. There is some dispute, however, regarding the status of the claim at that time. Brady claims that he asked Grul to put N & W's file "on hold" until the damage estimates arrived and that Grul agreed. Grul denies that Brady made such a request or that he agreed thereto.

Brady received complete information on the loss in October, 1986.[1] On November

---

* Honorable Albert J. Engel assumed senior status effective October 1, 1989.

1. There was a dispute raised in the appellate briefs for the first time that the information was available to N & W, though not to Brady, several months earlier. However, this claim was based on evidence which was never before the trial court. The panel indicated at oral argument that this evidence was not properly before

6, 1986, Brady submitted N & W's documentation of its costs to Grul. After they discussed the details of the claimed losses, Grul informed Brady that ACIA would reject N & W's claim as untimely. Formal rejection on this basis occurred by letter on December 8, 1986.

On April 3, 1987, N & W initiated the present suit against ACIA for property insurance benefits in the amount of $330,-984.01. ACIA claimed as its defense that N & W's claim was untimely under the one-year statute of limitations of Mich. Comp.Laws Ann. § 500.3145(2) (West 1983). N & W claimed that the statute of limitations was tolled from the time they gave notice of their claim to ACIA until the date ACIA formally denied it. N & W moved for partial summary judgment on this issue. The parties stipulated that damages amounted to $300,000 and that resolution of the tolling issue would be dispositive of the case.

The district court determined that the statute had been tolled, finding that under Michigan law, "mere notice of a claim shall toll Section 3145(2) until the insurer formally denies the claim." [Memorandum and Order of March 14, at 5]. The court relied solely on *Preferred Risk Mutual Ins. Co. v. State Farm Mutual Auto Ins. Co.*, 123 Mich.App. 416, 333 N.W.2d 303, *lv. denied*, 417 Mich. 1100.9 (1983), for its conclusion. The court accordingly determined that N & W's claim had been tolled from May 7, 1985 when it gave notice to ACIA, until December 8, 1986 when the claim was formally denied. Consequently, N & W's April, 1987 suit was timely. Based on this finding and the parties' stipulation that this issue was dispositive, the court awarded N & W damages of $300,000 and entered judgment accordingly.

ACIA appealed, contending that the statute of limitations under Michigan's No–Fault Law can never be judicially tolled, or even if it can be tolled, that such tolling is not proper given the facts of this case. Further, ACIA claims that even if tolling was proper here, the triggering event should have been submission of the specific

this court and thus would not be considered in

damages and not notice of the claim. At any rate, ACIA argues, N & W's delay of 18 months after notice before bringing suit was not reasonably diligent and N & W is not entitled to tolling in this instance.

Two distinct issues arise here: first, whether the statute can be tolled and what triggers it and second, whether ACIA's conduct estops it from asserting the statute of limitations under these facts. The district court's determination that Michigan law governs in this diversity case is not disputed on appeal. Because we agree with the district court that the statute was tolled, we affirm without addressing the alternative basis for affirmance on grounds of estoppel.

### I.

Michigan's No–Fault Insurance Law, Mich.Comp.Laws Ann. §§ 500.3101–500.-3179, abolishes tort liability arising from the use, ownership or maintenance of an insured automobile in Michigan, while at the same time requiring the owner of a vehicle to obtain insurance on that vehicle. The result is that the insurer, rather than the insured, is liable to pay benefits for accidental damage resulting from the ownership, maintenance or use of the vehicle. § 500.3121.

Section 3145(2) of the no-fault statute sets forth the time limits for suits seeking no-fault benefits for property damage. It states:

An action for recovery of property protection insurance benefits shall not be commenced later than 1 year after the accident.

The district court noted that although this statute appears by its language to bar tolling completely, Michigan case law provides that tolling is appropriate in some circumstances. In *Preferred Risk, supra,* a Michigan Court of Appeals determined that the one-year period of section 3145(2) was tolled from the time the insurance company received notice of the claim until it formally denied the claim. Relying solely upon *Preferred Risk*, the court held that

this appeal.

in this case the statute was tolled from May 7, 1985 when N & W notified ACIA of the claim, until December 8, 1986 when ACIA formally rejected it. The court specifically refused to distinguish *Preferred Risk* on the basis that the plaintiff there made a demand for a specific amount within the statutory period, because "[t]he *Preferred Risk* court did not rely or refer to the fact that a specific dollar amount was demanded by the Plaintiff."

■ The district court was correct in finding that the court in *Preferred Risk* held that section 3145(2) was tolled from the time that the insured gave notice of the claim to the insurance company until the time that the company formally denied his claim. The court in *Preferred Risk* also did not rely on the fact that a specific claim had been submitted within the applicable statutory period. However, that court did not specifically discuss what triggers tolling under section 3145(2). In that case the triggering event was not so directly in dispute as it is here. Although the Michigan Supreme Court has not explicitly addressed this issue, the cases we discuss hereafter indicate that tolling under section 3145(2) should begin when notice of the claim is given to the insurer. This conclusion fulfills the purposes of the statute of limitations to ensure that the insured has a full year to bring suit and to protect the insurer from having to investigate stale claims. Equally important, this conclusion does not prejudice the insurer in this case.

In *Welton v. Carriers Ins. Co.*, 421 Mich. 571, 365 N.W.2d 170 (1984), the Supreme Court of Michigan considered the issue of tolling under section 3145(1), which provides that in a suit for *personal injuries,* recovery is limited to expenses incurred during the one year preceding the commencement of an action (the one-year-back rule).[2] The court held that "plaintiff's entitlement to a tolling of the one-year-back rule depends on whether we find a triggering event sufficient to have started the tolling." 365 N.W.2d at 173. The court then found that "a general notice of injury of the type here given [was] insufficient to trigger tolling." *Id.* The notice had simply informed the insurer of the name and address of the claimant and the person injured and the time, place and nature of the injuries. Such notice was insufficient, the Court held, because with only that much notice, the insurer had no way of knowing what expenses had been incurred, whether those expenses were covered losses, and whether the claimant would in fact file a claim. Rather, the court held that a specific claim for damages was required to trigger tolling of the one-year-back rule. Such a rule best served the "interest in preventing stale claims by allowing the insurer to assess its liability while the information supporting the claim is relatively fresh." 365 N.W.2d at 173–74.

However, the rule in *Welton* that tolling is triggered by a specific claim for benefits applies only in cases under section 3145(1) involving personal injuries and does not seem to apply to section 3145(2) either specifically or by its reasoning. *See* 365 N.W.2d at 174 n. 4 ("we note that our determination today . . . is justified by the peculiar nature of the statutory no-fault limitation provision [in section 3145(1)] . . ."). More significantly, however, the court explained that its specific claim rule regarding section 3145(1) did not conflict with its earlier decisions that notice of loss is sufficient to toll the statute of limitations governing fire insurance policies. *Id.* Because the statutory period for fire insurance policies is similar in language to section 3145(2) and was specifically consulted by the court in construing section 3145(1), it deserves some discussion here.

The statute of limitations for fire insurance claims is contained in the statutory

---

**2.** Section 3145(1) provides:

An action for recovery of personal protection insurance benefits . . . may not be commenced later than 1 year after the date of the accident . . . unless written notice of injury . . . has been given to the insurer within 1 year after the accident. . . . [T]he claimant may not recover benefits for any portion of the loss which occurred more than 1 year before the date on which the action was commenced. . . . The notice shall give the name and address of the claimant and indicate . . . the name of the person injured and the time, place and nature of his injury.

form for a standard fire insurance policy, Mich. Comp. Laws Ann. § 500.2832(1) (West 1983). It states:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity ... unless commenced within twelve months next after inception of the loss.

This provision, like section 3145(2), does not appear to allow for tolling of the statutory period nor provide a triggering event.

In *Ford Motor Co. v. Lumbermens Mutual Casualty Co.*, 413 Mich. 22, 319 N.W.2d 320 (1982), the Supreme Court of Michigan addressed the following question certified from the U.S. District Court for the Eastern District of Michigan:

> Should the statutory standard form fire insurance policy ... be construed so that the running of the 12 month [statute of limitations] is tolled from the time the insured gives notice of the loss until the insurer formally denies liability?

319 N.W.2d at 320. The Supreme Court answered in the affirmative. The issue arose because the proof-of-loss provisions in the statutory standard form effectively took the claim from the claimant and placed it in the insurer's hands for a period of analysis and investigation. The Court held that tolling was needed to avoid punishing the claimant for the insurer's delay and to ensure that the claimant had a full twelve months in which to file suit. 319 N.W.2d at 321–23.

The Court in *Welton* stated that its decision was not in conflict with *Ford Motor*. Of importance to the Court in *Welton* was the fact that the fire insurance provision

> operates as an absolute bar to suits not brought within one year of discovery ... of the loss. Absent a tolling rule, the fact that ... an insured has promptly notified the insurer of the loss ... would have no effect on that bar. With no-fault, the statute has a built-in "tolling" permitting later suit once notice is given.... Thus, the consequences of the one-year cut-off, and the corresponding need for relief by tolling as of the date notice is given, is more drastic in the case

of fire insurance actions than with no-fault.

\* \* \* \* \* \*

> Finally, the fact that the Legislature has already provided a tolling provision for commencing a no-fault action, triggered by "notice of injury," suggests both that notice of injury was intended to have no greater effect and that there is less justification for this Court to interfere with the statutory scheme.

*Welton*, 365 N.W.2d at 174 n. 4. It is quite clear from the Court's language and statutory references that the no-fault provision referred to in this passage is section 3145(1) and not section 3145(2), which contains no such language regarding notice or tolling. Rather, section 3145(2) more resembles the fire insurance policy provisions under which the same court determined that tolling began with notice of the injury.

The analogy between the fire insurance statute and section 3145(2) is not exact. A further reason for the notice of loss rule in *Ford Motor* was that the statutorily-prescribed procedures for claiming benefits under fire insurance policies shortened the amount of time in which a claimant could file. *See* Mich. Comp. Laws Ann. § 500.2832(1) (establishing claim procedure in standard fire insurance policy). As the *Welton* court put it:

> The specified procedure for claim and recovery of fire insurance benefits includes greater built-in delays, shortening the insured's already limited time to sue, than does the no-fault law. Following a covered fire loss, the insured generally has 60 to 90 days to file proof of loss, after which the insurer has 60 days to pay or settle the claim. Additional delays may arise when the insurer does not promptly submit proof of loss forms or promptly "accept" the proof of loss once submitted.... The no-fault law simply provides that payment of a [personal injury] claim is overdue if not paid within 30 days after proof of loss is received by the insurer. MCL 500.3142(2).... Accordingly, the one-year period in which a fire insurance plaintiff may sue is more substantially curtailed by the recovery

mechanism than is the no-fault limitation period, further warranting an earlier tolling date.

*Welton*, 365 N.W.2d at 174 n. 4 (citation omitted). Section 3142(2) by its terms applies only to personal injury insurance benefits, *see id.*, and there is no such statutory deadline applicable to payment of property insurance benefits. Nonetheless, since there are no built-in statutory delays in the procedure for property benefits, section 3145(2) does not support the earlier tolling date to the same extent as the fire insurance statute of limitations. We conclude, however, that this difference is not so significant as to undercut the holding in *Preferred Risk*, and our holding here, that the statute of limitations in section 3145(2) may be tolled when the insurer receives notice of a claim.

Following the specific language of the Michigan Supreme Court in *Welton*, the question in the case at hand should be whether there was a triggering event sufficient to start the tolling of the statute of limitations which serves the interests protected by the statute of limitations. Here, there was not merely a simple notice of the claim giving the name and address of the claimant. Rather, not only did N & W notify ACIA that they intended to file a claim under Alfrey's policy, but they also negotiated with ACIA for several months following the accident. These negotiations ended with N & W informing ACIA that a specific claim would take considerable time to compile, given the complexity of the repairs involved. We therefore hold that the statute of limitations here was tolled as of the date of notice of the claim to ACIA. In so holding, we note that ACIA would not appear to be prejudiced by tolling the statute as of the date of notice. ACIA's agent investigated the accident scene immediately after the accident. Also, by the time negotiations with N & W ended, ACIA had already determined that the loss was covered by the policy involved and had even established a reserve of $300,000 for the claim, based on its communications with N & W.

Tolling the statute of limitations is not an unconditional gift to the insured. Where the statute is tolled, "the insured must seek reimbursement with reasonable diligence or lose the right to claim the benefit of a tolling of the limitations period." *Lewis v. Detroit Automobile Inter-Insurance Exchange*, 426 Mich. 93, 393 N.W.2d 167, 172 (1986). While it is true that ACIA claims that N & W did not exercise reasonable diligence in filing its claim, the district court found that N & W's eighteen month delay between notification and filing was reasonable, given the complexity of the claim and Brady's diligence in submitting the claim to ACIA once he had received it. Further, Brady had informed ACIA that the claim would take a substantial time to determine. The only possible grounds for reversing this determination would be based on additional evidence submitted to this court on appeal regarding when N & W had the damage estimates in its possession. As noted above, however, this evidence was not submitted to the court below and we decline to consider it here.

## CONCLUSION

Under certain conditions, section 3145(2)'s one-year limitation on actions for property damage may be judicially tolled. The appropriate event to trigger tolling has not been explicitly determined by the Supreme Court of Michigan. However, Michigan case law suggests that tolling should begin at the date when notice of the claim is filed with the insurer, at least if it is accompanied by communications which reasonably alert the insurer to the extent of its potential exposure. This case law also suggests that tolling continues until the date when the insurer formally denies the claim. Therefore, in this case N & W's claim was filed within the statutory period as tolled. Because N & W exercised reasonable diligence in pursuing its claim, it is not estopped from taking advantage of the tolling. This outcome does not prejudice ACIA in this case since it was able to investigate the accident, determined that

the claim was covered and established a reserve for N & W's claim.

AFFIRMED.