SECURA INSURANCE COMPANY v AUTO-OWNERS INSURANCE
COMPANY

Docket No. 205256. Submitted June 3, 1998, at Grand Rapids. Decided
November 20, 1998, at 9:40 A.M. Leave to appeal sought.

Secura Insurance Company, as a subrogee of an insured whose house
sustained fire damage after electrical lines fell on the house when a
utility pole was struck by a motorist, brought an action in the Jack-
son Circuit Court against Auto-Owners Insurance Company, the
insurer of the motorist, seeking no-fault property protection insur-
ance benefits. The court, Chad C. Schmucker, J., granted summary
disposition for the defendant, ruling that the action was barred by
the one-year period of limitation set by MCL 500.3145(2); MSA
24.13145(2) for actions to recover property protection benefits. The
plaintiff appealed.

The Court of Appeals *held*:

1. Subsection 3145(2) provides that an action for recovery of
property protection insurance benefits shall not be commenced
later than one year after the accident. Contrary to the plaintiff's
contention, the running of the period of limitation is not tolled
when notice of a claim is given to a no-fault insurer or when par-
ties enter into settlement negotiations.

2. The defendant is not equitably estopped from asserting the
statute of limitations as a bar to the plaintiff's action. To prevail on
its estoppel theory, the plaintiff had to establish that the defendant
induced it to refrain from bringing an action within the limitation
period. There is no indication that the defendant's conduct influ-
enced the plaintiff's failure to bring its action before the expiration
of the period of limitation.

Affirmed.

INSURANCE — NO-FAULT — PROPERTY PROTECTION INSURANCE BENEFITS —
ACTIONS — LIMITATION OF ACTIONS.

An action for recovery of property protection insurance benefits is
subject to a one-year statute of limitations; the running of the
period of limitation is not tolled when notice of a claim is given to

a no-fault insurer or when parties enter into settlement negotiations (MCL 500.3145[2]; MSA 24.13145[2]).

*Foster, Swift, Collins & Smith, P.C.* (by *Scott A. Storey* and *Stephen J. Rhodes*), for the plaintiff.

*Potter & Girodat, LLP* (by *George E. Potter*), for the defendant.

Before: MACKENZIE, P.J., and WHITBECK and G. S. ALLEN*, JJ.

MACKENZIE, P.J. This case involves a dispute between two insurance companies over a subrogation claim for property damage to a home owned by plaintiff's insureds. Plaintiff alleged that the home sustained fire damage as a result of a power surge caused by electric lines that fell on the home's service line when a motorist insured by defendant struck a utility pole. Plaintiff appeals as of right from an order granting summary disposition in favor of defendant on the ground that the claim was barred by the one-year statute of limitations under the no-fault property damage statute, MCL 500.3145(2); MSA 24.13145(2). We affirm.

The automobile accident and fire occurred on March 2, 1996. Plaintiff's general adjuster sent a notice of claim on May 3, 1996. Defendant acknowledged the notice, but in a letter dated June 4, noted that "the police accident report makes no mention of the fire which you are alleging our insureds started," and requested further information regarding the cause

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

of the fire. In a July 26, 1996, letter, defendant requested an estimated total claim. Plaintiff then forwarded an August 28, 1996, "cause and origin" report from an electrician and, in late January 1997, notified defendant of the total amount of the property damage. In a February 3, 1997, telephone conversation, defendant's adjuster told plaintiff's adjuster that plaintiff should file a lawsuit for the claim.

Plaintiff filed its complaint for damages on April 1, 1997, thirteen months after the accident and fire. Defendant moved for summary disposition based on subsection 3145(2) of the no-fault act, MCL 500.3145(2); MSA 24.13145(2), which provides that "[a]n action for recovery of property protection insurance benefits shall not be commenced later than 1 year after the accident." Plaintiff maintained that the statute was tolled by plaintiff's notice of claim and the parties' negotiations. The trial court rejected plaintiff's position, citing *United States Fidelity & Guaranty Co v Amerisure Ins Co*, 195 Mich App 1; 489 NW2d 115 (1992), and dismissed the case with prejudice.

In *USF&G*, p 6, this Court concluded that notice to a no-fault insurer of a claim for property protection benefits does not toll the one-year period of limitation set forth at MCL 500.3145(2); MSA 24.13145(2) during the parties' settlement negotiations. As recognized by the trial court, *USF&G* is binding precedent under Administrative Order No. 1994-4, 445 Mich xci [now MCR 7.215(H)], and compels the conclusion that plaintiff's complaint in this case was time-barred. Plaintiff seeks to avoid that result by arguing that the

*USF&G* panel's decision was mere dicta, not subject to the administrative order or court rule, and that a pre-Administrative Order case, *Preferred Risk Mut Ins Co v State Farm Mut Automobile Ins Co*, 123 Mich App 416; 333 NW2d 303 (1983), governs this case. We disagree. The controlling issue in both *USF&G* and *Preferred Risk* was whether the one-year statute of limitations contained in MCL 500.3145(2); MSA 24.13145(2) could be tolled by notice letters sent to a no-fault insurer. *USF&G* held that it could not, contrary to the decision of the *Preferred Risk* panel. The *USF&G* holding was no more "dicta" than was the *Preferred Risk* holding plaintiff seeks to have applied. The trial court properly concluded that *USF&G* is binding and that under that case plaintiff's complaint was time-barred. Furthermore, we are not persuaded that *USF&G* was wrongly decided or that we should adopt the conflicting holding of *Preferred Risk* under the procedure of MCR 7.215(H).

Relying on *Cincinnati Ins Co v Citizens Ins Co*, 454 Mich 263; 562 NW2d 648 (1997), plaintiff contends that defendant should be equitably estopped from asserting the statute of limitations as a bar to plaintiff's action. As did the trial court, we conclude that *Cincinnati* is clearly distinguishable from this case.

In *Cincinnati*, a motorist insured by Citizens Insurance Company struck a medical building occupied by Cincinnati's insured in February 1992. Cincinnati notified Citizens of its subrogation claim the following month. Cincinnati apparently understood that the claim would be paid upon receipt of acceptable docu-

mentation of the loss. In January 1993, Cincinnati submitted documentation of property and contents losses to Citizens and requested payment. Cincinnati also advised Citizens that it was still in the process of adjusting its insured's business interruption claim and would forward documentation and request for payment upon documenting that claim. Approximately two weeks later, Citizens informed Cincinnati that it did not want to process the property damage part of the claim separately from the business loss claim. Cincinnati agreed to a deferred payment, and in May and June 1993, after the business loss claim was settled, it requested a check for the entire claim. In August 1993, Citizens refused to pay on the subrogation claim because Cincinnati had allowed the one-year statute of limitations, MCL 500.3145(2); MSA 24.13145(2), to expire. See *Cincinnati, supra,* pp 264-267.

On these facts, the Supreme Court concluded that it "would be unjust to allow Citizens to assert the statute of limitations where Cincinnati . . . acted in apparent good faith *and for the convenience of Citizens* to defer [its] demand for payment" until its insured's entire loss had been documented. *Id.,* p 271 (emphasis in the original). The Court further noted that the "record indicates that Cincinnati proceeded as it did *at the request of Citizens.*" *Id.,* pp 271-272 (emphasis in the original). Finding "ample evidence that Cincinnati . . . was justified in relying, and did rely, on the representations of Citizens . . . that the subrogation claim would be processed without difficulty, once all the documentation was complete," *id.,*

p 272, the Court concluded that Citizens was estopped from asserting the statute of limitations as a bar to Cincinnati's action. *Id.*, pp 272-273.

Unlike the situation in *Cincinnati*, in this case there is no evidence that defendant made assurances that payment would be made upon proper documentation, that the parties agreed to cooperate in the processing of the claim, or that defendant induced plaintiff to defer its request for payment beyond one year after the accident and fire. Instead, defendant informed plaintiff that it had questions concerning the cause of the fire, and, approximately one month before the expiration of the one-year period, informed plaintiff that it would not settle the case. Defendant's conduct could not have lulled plaintiff into believing that its claim would be honored after the statutory period as in *Cincinnati*, nor could it have left plaintiff with no alternative but to file its action after the statutory period.

To prevail on its estoppel theory, plaintiff had to establish that defendant induced it to refrain from bringing an action within the period fixed by statute. *Bohlinger v DAIIE*, 120 Mich App 269, 274-275; 327 NW2d 466 (1982). There is no indication that defendant's conduct influenced plaintiff's failure to bring its action before the expiration of the statutory period. Having given plaintiff a month in which to timely file suit, defendant was not estopped from raising the statute of limitations as a bar to plaintiff's cause of action.

Affirmed.