SECURA INSURANCE COMPANY v
AUTO-OWNERS INSURANCE COMPANY

Docket No. 113667. Decided February 9, 2000. On application by the
plaintiff for leave to appeal, the Supreme Court, in lieu of granting
leave, affirmed the judgment of the Court of Appeals.

Secura Insurance Company, as subrogee of its insureds, brought an
action in the Jackson Circuit Court against Auto-Owners Insurance
Company to recover property protection benefits paid by Secura to
its insured for damages caused by Auto-Owners no-fault insured.
Auto-Owners moved for summary disposition on the ground that
the action was not filed within one year after the accident in ques-
tion and thus was barred under MCL 500.3145(2); MSA 24.13145(2).
The court, Chad C. Schmucker, J., relying on *United States Fidelity
& Guaranty Co v Amerisure Ins Co*, 195 Mich App 1 (1992), held
that tolling of the statute was not available. The Court of Appeals,
MacKenzie, P.J., and Whitbeck and G. S. Allen, JJ., affirmed, conclud-
ing that *USF&G* was correctly decided and was binding precedent
under Administrative Order No. 1994-4. 232 Mich App 656 (1998)
(Docket No. 205256). The plaintiff seeks leave to appeal.

In an opinion per curiam, signed by Chief Justice Weaver, and
Justices Taylor, Corrigan, Young, and Markman, the Supreme Court
*held*:

Tolling of the one-year period of limitation on property damage
claims under subsection 3145(2) of the no-fault insurance act is
unavailable, and, thus, the plaintiff's claim was barred.

Subsection 3145(2) provides that an action for recovery of prop-
erty protection insurance benefits is not to be commenced later
than one year after an accident. The statute speaks for itself, and
there is no need for judicial construction.

Affirmed.

Justice Cavanagh, joined by Justice Kelly, dissenting, stated that
MCL 500.3145(2); MSA 24.13145(2) was tolled by the plaintiff
asserting its claim and by the parties' negotiations.

Limitation periods are not inflexible. Rather, judicial tolling,
makes them flexible. Michigan courts have used their power to toll
limitation periods in insurance cases when the circumstances have
not been inconsistent with legislative purposes. Tolling the limita-

tion period is entirely consistent with the legislative intent behind the no-fault act. The legislative purposes behind limitation provisions, preventing stale claims and easing crowded dockets, are either inapplicable or contrary to the majority's decision.

*Foster, Swift, Collins & Smith, P.C.* (by *Scott A. Storey* and *Stephen J. Rhodes*), for the plaintiff-appellant.

*Potter & Girodat, L.L.P.* (by *Frederick W. Girodat II* and *George E. Potter*), for defendant-appellee.

PER CURIAM. This case presents a question that has divided previous Court of Appeals panels—whether there should be "judicial tolling" of the one-year period of limitation on property damage claims under subsection 3145(2) of the no-fault insurance act.[1] We agree with the Court of Appeals decision in the instant case that there is no such tolling, and affirm its ruling that the plaintiff's claim was barred by the one-year limitation period.

I

On March 2, 1996, a car driven by defendant Auto-Owners Insurance Company's insured, William J. Glore, Jr., left the road and struck a utility pole. Plaintiff Secura Insurance Company's complaint alleges that the impact caused electrical power lines to fall across the electrical service line running to the home of its insureds. This, in turn, caused substantial damages to the house's circuits and wiring, and an electrical surge igniting several fires in the home, with resulting smoke and fire damage to the house and its contents. Secura alleges that it reimbursed its insureds some $157,000, and, under the terms of the

---

[1] MCL 500.3145(2); MSA 24.13145(2).

policy, became subrogated to their claims for that amount.

On May 3, 1996, Secura's adjuster, James Disbrow, wrote to Glore seeking reimbursement for the fire loss. An Auto-Owners claims representative, J. D. Beyerhelm, wrote back about a month later, advising Disbrow that defendant insured Glore, asking Disbrow to "forward your proofs," and requesting documentation that the loss resulted from the accident. The letter also noted that police reports made no mention of the fire that it was alleged that Glore started. Auto-Owners apparently assigned a claim number to the matter at that time.

Over the next several months, there were discussions and exchanges of correspondence between Secura and Auto-Owners. Disbrow's affidavit states that he advised Auto-Owners of the total monetary value of the plaintiffs' damages in "late January, 1997." Further, there appears to be no dispute that at that time Disbrow called Beyerhelm. During the conversation, Disbrow asked if Auto-Owners was willing to waive the one-year period of limitation on the plaintiffs' property protection insurance benefit claim. After consulting with his superior, Beyerhelm advised Disbrow that Auto-Owners would not waive the statute, and that Secura would have to bring suit to recover property protection benefits.

This action was filed on April 1, 1997, just short of thirteen months after the March 2, 1996, accident.

II

Defendant Auto-Owners moved for summary disposition on the ground that the action was not filed within one year after the accident and thus was barred under MCL 500.3145(2); MSA 24.13145(2).

The circuit court noted that panels of the Court of Appeals had reached different results on the issue whether the one-year period was tolled during negotiations between the parties. *Preferred Risk Mut Ins Co v State Farm Mut Automobile Ins Co*, 123 Mich App 416; 333 NW2d 303 (1983), concluded that such tolling was available.[2] However, *United States Fidelity & Guaranty Co v Amerisure Ins Co*, 195 Mich App 1; 489 NW2d 115 (1992), said that it was not. The circuit court believed that *Preferred Risk* was the better reasoned opinion, but felt compelled to follow *USF&G* and its no-judicial-tolling rule under former Supreme Court Administrative Order No. 1994-4, 445 Mich xci.[3]

Secura appealed, and the Court of Appeals affirmed.[4] It agreed that the *USF&G* decision was binding precedent under Administrative Order No. 1994-4. However, it also concluded that *USF&G* was correctly decided.

III

Secura argues that the doctrine of judicial tolling is well established. For example, *Tom Thomas Organization, Inc v Reliance Ins Co*, 396 Mich 588, 591; 242 NW2d 396 (1976), treated a contractual one-year limitation in an insurance policy as tolled from the date of the insurance claim until the insurer formally denied liability. That was extended to the one-year period of limitation in statutory fire insurance policy cases, with the courts reasoning that the insured should not be penalized for the time the insurer

---

[2] *Preferred Risk* was followed in *Norfolk & W R Co v Auto Club Ins Ass'n*, 894 F2d 838 (CA 6, 1990).

[3] Now MCR 7.215(H).

[4] 232 Mich App 656; 591 NW2d 420 (1998).

spends evaluating the claim. *In re Certified Question (Ford Motor Co v Lumbermens Mut Casualty Co)*, 413 Mich 22; 319 NW2d 320 (1982). The principle has also been applied in no-fault insurance cases. In *Lewis v DAIIE*, 426 Mich 93; 393 NW2d 167 (1986), the judicial tolling principle was applied to no-fault personal protection insurance claims under subsection 3145(1).[5]

However, we agree with the Court of Appeals panels in *USF&G* and the instant case that there is no tolling in property protection insurance cases. The difference in the language of subsections 1 and 2 of § 3145 is decisive. The *Lewis* majority recognized tolling under subsection 1. However, that subsection includes language indicating that the Legislature intended that the one-year limitation period would be suspended by the giving of notice:

> An action for recovery of personal protection insurance benefits payable under this chapter for accidental bodily injury may not be commenced later than 1 year after the date of the accident causing the injury *unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident* or unless the insurer has previously made a payment of personal protection insurance benefits for the injury. If the notice has been given or a payment has been made, the action may be commenced at any time within 1 year after the most recent allowable expense, work loss or survivor's loss has been incurred. However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced. The notice of injury required by this subsection may be given to the insurer or any of its authorized agents by a person claiming

---

[5] The correctness of the holding in the divided *Lewis* decision is not before us.

to be entitled to benefits therefor, or by someone in his behalf. The notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury. [Emphasis added.]

The language of subsection 2, applicable to this case, is starkly lacking in such a qualification and merely provides:

An action for recovery of property protection insurance benefits shall not be commenced later than 1 year after the accident.

It is a fundamental principle of statutory construction that, "a clear and unambiguous statute leaves no room for judicial construction or interpretation." *Coleman v Gurwin*, 443 Mich 59, 65; 503 NW2d 435 (1993). This is a case where the statute speaks for itself, and there is no need for judicial construction. The Legislature has decreed that property damage claims must be brought within one year of the accident. There is no hint in the language of subsection 2 that the Legislature intended that there be any tolling of that time.[6]

The Court of Appeals correctly read the statute as precluding creation of a judicial tolling provision, and

---

[6] The defendant has suggested several plausible reasons why the Legislature would provide for tolling of personal protection insurance claims under subsection 1, but not for property damage claims. The former may involve ongoing damages, which may not be entirely known within the first year. Property damages are more likely to be determined soon after the accident. Second, property protection insurance benefit claims are often between insurance companies, sophisticated parties aware of statutory limitation periods and their ramifications.

However, given the clear language of the statute, evidencing no intention that there be tolling in property damage cases, we need not resort to such a policy-based analysis.

its judgment is therefore affirmed. *Preferred Risk Mut Ins Co v State Farm Mut Automobile Ins Co, supra,* is overruled.

Weaver, C.J., and Taylor, Corrigan, Young, and Markman, JJ., concurred.

Cavanagh, J. *(dissenting).* I would hold that MCL 500.3145(2); MSA 24.13145(2) was tolled by plaintiff asserting its claim and by the parties' negotiations, and I would reverse the judgment of the Court of Appeals. Therefore, I respectfully dissent from the majority opinion.

I

As this Court has stated in the past, limitation periods are not inflexible. See *Lewis v DAIIE,* 426 Mich 93, 102; 393 NW2d 167 (1986). Rather, judicial tolling, a well-established legal doctrine available in certain circumstances, makes them flexible. As the United States Supreme Court stated:

> [T]he mere fact that a federal statute providing for substantive liability also sets a time limitation upon the institution of suit does not restrict the power of the federal courts to hold that the statute of limitations is tolled under certain circumstances not inconsistent with the legislative purpose. [*American Pipe & Construction Co v Utah,* 414 US 538, 559; 94 S Ct 756; 38 L Ed 2d 713 (1974).]

Similarly, Michigan courts have used their power to toll limitation periods in insurance cases when the circumstances have not been inconsistent with legislative purposes. For example, in *Tom Thomas Organization, Inc v Reliance Ins Co,* 396 Mich 588; 242 NW2d 396 (1976), this Court tolled a provision in an insurance contract that limited the time for bringing

suit under the contract to twelve months. Admittedly, *Tom Thomas* involved a contractual provision, but the Court in *In re Certified Question (Ford Motor Co v Lumbermens Mut Casualty Co)*, 413 Mich 22; 319 NW2d 320 (1982), applied a similar analysis to a limit in a statutory fire insurance policy. Further, in *Lewis, supra,* this Court tolled a limitation provision in the same statute at issue in the instant case.[1] Thus, judicial tolling is available when circumstances make it appropriate, and judicial tolling has been held appropriate for § 3145.

II

The majority argues that the restrictive language of subsection 3145(2) speaks for itself, but that position turns a deaf ear to the analytical voice of this Court. In *Ford Motor Co, supra,* this Court held the following statutory language to allow tolling:

> No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of the loss. [MCL 500.2832; MSA 24.12832; see also *Ford Motor Co, supra* at 34-40.]

---

[1] The majority distinguishes this Court's decision in *Lewis* on the basis of language it highlights in subsection 3145(1) "indicating that the Legislature intended that the one-year limitation period would be suspended by the giving of notice." *Ante* at 386. A careful reading of *Lewis,* however, reveals that the basis of our decision there was preserving legislative purposes, and not the sentence the majority highlights. In fact, the *Lewis* dissent argued that the language of subsection 3145(1) clearly was opposed to our decision in that case. *Lewis, supra* at 104-105 (BRICKLEY, J., highlighting this language from subsection 3145(1): " 'However, the claimant may not recover benefits for any portion of the loss incurred more than 1 year before the date on which the action was commenced' "). *Id.* at 105. Thus, the majority relies on a phantom distinction to differentiate the instant case from *Lewis,* because applying the same analysis used in *Lewis* supports tolling the statute.

In this case, we are asked to toll MCL 500.3145(2); MSA 24.13145(2), which provides:

> An action for recovery of property protection insurance benefits shall not be commenced later than 1 year after the accident.

Comparing the language of these provisions, neither appears to allow tolling more or less than the other. Thus, I would employ the same analysis used in *Ford Motor Co* and subsequent cases of this Court.

When interpreting the limitation provision at issue in that case, the *Ford Motor Co* Court relied on our earlier decision in *Tom Thomas, supra,* and considered the legislative intent behind the limitation period. *Ford Motor Co, supra* at 32. Later decisions of this Court have also considered legislative intent when deciding whether to toll limitation provisions, specifically the limitation provisions in the no-fault act. See *Welton v Carriers Ins Co*, 421 Mich 571, 578-579; 365 NW2d 170 (1984); *Lewis, supra* at 101-103. As we stated in *Lewis*, tolling the limitation period is entirely consistent with the legislative intent behind the no-fault act:

> "Tolling the statute when the insured submits a claim for specific benefits would not appear to detract from the policies underlying the one-year limitation on recovery. By submitting a timely and specific claim, the insured serves the interest in preventing stale claims by allowing the insurer to assess its liability while the information supporting the claim is relatively fresh. A prompt denial of the claim would barely affect the running of the limitation period, while a lengthy investigation would simply 'freeze' the situation until the claim is eventually denied. In effect, the insured would be charged with the time spent reducing his losses to a claim for specific benefits plus the time spent deciding

whether to sue after the claim is denied." [*Lewis, supra* at 101, quoting *Welton, supra* at 578-579.]

The legislative purposes behind limitation provisions, preventing stale claims and easing crowded dockets, are either inapplicable or contrary to the majority's decision. First, preventing stale claims from reaching our courts is not a consideration in this case, because the defendant insurer can protect itself from stale claims by promptly responding to a policyholder's claim. Thus, whether insurers must deal with stale claims is uniquely within their own control. Next, the majority's interpretation actually encourages needless litigation. Under the majority's decision, a prudent policyholder must file suit within one year of the injury, regardless of whether the insurer is still processing the claim, or lose the claim altogether. This contravenes an important motivation for the no-fault system, reducing litigation, see *Cassidy v McGovern*, 415 Mich 483, 501; 330 NW2d 22 (1982), and the similar judicial policy of discouraging litigation. See *Alexander v Gardner-Denver Co*, 415 US 36; 94 S Ct 1011; 39 L Ed 2d 147 (1974). Additionally, requiring a precautionary suit by the policyholder could adversely affect the negotiations between the claimant and the insurer. Negotiating parties usually attempt to maintain a cooperative atmosphere, and litigation pending between the parties would hinder that atmosphere. See *Johnson v Railway Express Agency*, 421 US 454, 468; 95 S Ct 1716; 44 L Ed 2d 295 (1975) (Marshall, J., dissenting).

Indeed, the consistency of tolling with these legislative purposes has led earlier courts that have considered this precise question to toll subsection 3145(2). In *Preferred Risk Mut Ins Co v State Farm Mut Auto-*

*mobile Ins Co,* 123 Mich App 416; 333 NW2d 303 (1983), the Michigan Court of Appeals held that tolling subsection 3145(2) is appropriate on the basis of the authority of *Ford Motor Co, supra,* the judicial principle of discouraging litigation, and that tolling is consistent with the statute's purpose.[2] *Preferred Risk, supra* at 419-421. Likewise, in *Norfolk & W R Co v Auto Club Ins Ass'n,* 894 F2d 838 (CA 6, 1990), the Sixth Circuit Court of Appeals, in part on the basis of *Preferred Risk,* but also on the similarities between subsection 3145(2) and the fire insurance statute that was tolled in *Ford Motor Co,* concluded that tolling is appropriate under this subsection. Those courts followed this Court's precedential models for analyzing tolling provisions, and using that analysis, concluded that subsection 3145(2) should be tolled while the insurer is assessing its liability.

III

Thus, I would trace the analysis used by this Court in the past when it has interpreted limitation provi-

---

[2] A subsequent panel of the Court of Appeals rejected the approach taken in *Preferred Risk. USF&G Co v Amerisure Ins Co,* 195 Mich App 1; 489 NW2d 115 (1992). The courts below believed *USF&G* was binding on the basis of Administrative Order No. 1994-4, 445 Mich xci, now MCR 7.215(H).

Though it discussed the statutory language, the basis of the *USF&G* panel's decision was factual. It stated that because the insured was so late in presenting its claim:

[E]ven if there were tolling of the statute of limitations between the date of the making of a specific claim [as required under *Welton, supra*] and the date of defendant's denial of liability, that tolling would not save this action from operation of the statute of limitations. [*USF&G, supra* at 7.]

Thus, that Court's discussion of the statutory language was mere dicta, it did not bind the lower courts in the instant case, and has limited persuasive value.

sions, an analysis that has considered legislative purposes. In this case, tolling the limitation period while the claim is pending with the insurer is entirely consistent with those purposes. Therefore, I would reverse the judgment of the Court of Appeals, and toll the limitation period of MCL 500.3145(2);   MSA 24.13145(2).

KELLY, J., concurred with CAVANAGH, J.