*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CORY RUBIN, M.D.,

      Plaintiff-Appellant,

v

ADVANCED DERMATOLOGY OF MICHIGAN
PC, ADCS HOLDINGS TARGET LLC, and
STEVEN K. GREKIN, D.O., PC,

      Defendants-Appellees.

UNPUBLISHED
August 5, 2021

No. 354108
Macomb Circuit Court
LC No. 2020-000448-CB

Before: GADOLA, P.J., and JANSEN and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's opinion and order granting summary disposition in favor of defendants, Advanced Dermatology of Michigan PC (Advanced Dermatology), ADCS Holdings Target LLC (ADCS), and Steven K. Grekin, D.O., PC (Grekin). We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

This case concerns the dismissal of plaintiff's complaint on the basis of a six-month limitations period found in plaintiff's employment agreement. Plaintiff is a licensed doctor practicing dermatology. On February 4, 2014, plaintiff and Grekin entered an employment agreement under which plaintiff agreed to perform services as a physician, dermatologist, and dermatologic surgeon for Grekin and its related entities. Relevant here, the employment agreement contained paragraph 27, which related to a shortened statute of limitations. The statute of limitations paragraph stated that any claim related to the employment agreement, including any claim related to plaintiff's employment or termination of his employment with defendants, had to be filed no more than six months after the employment agreement was terminated. The employment agreement also contained paragraph 8.3, a provision regarding the force and effect of the agreement upon termination. Paragraph 8.3 stated that when the employment agreement was terminated, it would be "of no further force or effect and each of the parties shall be relieved and discharged from their respective rights and obligations hereunder." However, paragraph 8.3 also contained an exception to this rule, providing that several provisions of the agreement "shall

-1-

continue to be given effect in accordance with their terms," including the six-month limitations period of paragraph 27.

On July 11, 2014, plaintiff, Grekin, and Advanced Dermatology entered an amendment to the employment agreement. The amendment expressly incorporated the terms of the February 4, 2014 employment agreement, except as amended by the Schedule 1 document attached to the amendment. Paragraphs 8.3 and 27 contained in the February 4, 2014 employment agreement remained unchanged by the July 11, 2014 amendment.

Two years later, on June 6, 2016, plaintiff and Advanced Dermatology entered into a second amendment to the employment agreement. The second amendment extended the term of plaintiff's employment by three years, as of the amendment's June 6, 2016 effective date, and focused on plaintiff's elevation to "Chief Physician Resource Officer" and defendants' intent to eventually promote him to Chief Medical Officer. Relevant here, the second amendment also states: "All other terms and conditions contained in the [February 4, 2014] Agreement remain unchanged and are hereby ratified and reaffirmed in their entirety[.]"

In 2019, the last year of plaintiff's three-year term, the parties began negotiating another extension of plaintiff's employment agreement. According to plaintiff, although he continued performing "at a high level" as negotiations were ongoing, defendants allegedly had "questionable billing practices, patient retention [issues], staff dissatisfaction, and revenue losses." Plaintiff further alleged that staff was advised "of pending downsizing," and that he continued seeking an extension to the employment agreement, but was "eventually rebuffed" by defendants "without cause or reason . . . ."

Plaintiff's existing employment agreement expired on June 6, 2019, three years from the employment agreement's effective date. However, plaintiff alleged that he was "induced to understand that his contract [was] extended to July 28, 2019," and that defendants demanded he continue working "through and including that date." "In accord with that demand," defendants "continued to represent that a negotiated extension" of plaintiff's employment was "constructively pending." However, no substantive agreement was ever offered, and plaintiff resigned on July 28, 2019.

On February 4, 2020, plaintiff filed a complaint against defendants, alleging three counts: (1) breach of contract; (2) misrepresentation; and (3) unjust enrichment and quantum meruit. In lieu of an answer, defendants moved for summary disposition. Defendants argued that plaintiff failed to file his complaint within the six-month statute of limitations period that he agreed to in the employment agreement. Defendants argued that the six-month limitations period applied to any claim related to the employment agreement, including claims related to plaintiff's employment or termination of employment. Defendants also noted that plaintiff waived any statute of limitations contrary to the one articulated in the employment agreement. Defendants asserted that plaintiff's three claims related to his employment or termination of his employment. Defendants noted that contractual limitations periods were "routinely" upheld and enforced by Michigan courts. Moreover, defendants argued that the employment agreement was unambiguous, did not violate any public policy or law, was not unconscionable, and was a reasonable contract provision. Thus, defendants argued that plaintiff's claims were barred by the contractual limitations period.

After plaintiff responded to defendants' motion for summary disposition, a hearing was held, and the parties submitted supplemental briefs. Subsequently, the trial court entered its opinion and order granting summary disposition in defendants' favor. The trial court concluded the six-month limitations period was "unambiguously broad" and barred each of plaintiff's claims, finding that each claim was related to the employment agreement, plaintiff's employment with defendants, or the termination of his employment. The trial court also concluded that although plaintiff raised arguments regarding waiver, estoppel, and fraud, he had failed to address how those doctrines applied and his complaint did not contain any allegations supporting their application. Further, the trial court concluded that equitable tolling did not bar application of the shortened limitations period. Thus, the trial court granted summary disposition to defendants on the basis of the six-month limitations period in the employment agreement. This appeal followed.

## II. UNJUST ENRICHMENT AND QUANTUM MERUIT

Plaintiff argues that the trial court erred by granting summary disposition of his claims for unjust enrichment and quantum meruit in reliance on the shortened statute of limitation period in the employment agreement. We disagree.

"This Court reviews de novo whether a trial court properly granted a motion for summary disposition." *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). MCR 2.116(C)(7) is the appropriate subrule for analyzing a request for summary disposition made on the basis of a contractual limitations period. *Timko v Oakwood Custom Coating, Inc*, 244 Mich App 234, 238; 625 NW2d 101 (2001). "Summary disposition under MCR 2.116(C)(7) is appropriate when the undisputed facts establish that the plaintiff's claim is barred under the applicable statute of limitations." *Kincaid v Cardwell*, 300 Mich App 513, 522; 834 NW2d 122 (2013). When analyzing a motion for summary disposition under MCR 2.116(C)(7), the trial court must accept as true the contents of the complaint unless contradicted by affidavits, depositions, admissions, or other documentary evidence submitted to the trial court by the moving party. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). "Generally, the burden is on the defendant who relies on a statute of limitations defense to prove facts that bring the case within the statute." *Kincaid*, 300 Mich App at 522. "If there is no factual dispute, whether a plaintiff's claim is barred under the applicable statute of limitations is a matter of law for the court to determine." *Id*. at 523. Additionally, "[q]uestions involving the proper interpretation of a contract or the legal effect of a contractual clause are also reviewed de novo." *McDonald v Farm Bureau Ins Co*, 480 Mich 191, 197; 747 NW2d 811 (2008).

The principles of contract interpretation apply to plaintiff's employment agreement.

> The goal of contract interpretation is to first determine, and then enforce, the intent of the parties based on the plain language of the agreement. If no reasonable person could dispute the meaning of ordinary and plain contract language, the Court must accept and enforce the language as written, unless the contract is contrary to law or public policy. Plain and unambiguous contract language cannot be rewritten by the Court under the guise of interpretation, as the parties must live by the words of their agreement. [*Harbor Park Market, Inc v Gronda*, 277 Mich App 126, 130-131; 743 NW2d 585 (2007) (quotation marks and citations omitted).]

"Absent an ambiguity or internal inconsistency, contractual interpretation begins and ends with the actual words of a written agreement." *Universal Underwriters Ins Co v Kneeland*, 464 Mich 491, 496; 628 NW2d 491 (2001). When interpreting words in an agreement, this Court considers the agreement as a whole and gives meaning to all of its terms. *Auto-Owners Ins Co v Churchman*, 440 Mich 560, 566; 489 NW2d 431 (1992). Our Supreme Court has held that "an unambiguous contractual provision providing for a shortened period of limitations is to be enforced as written unless the provision would violate law or public policy." *Rory v Continental Ins Co*, 473 Mich 457, 470; 703 NW2d 23 (2005).

"This Court has long recognized the equitable right of restitution when a person has been unjustly enriched at the expense of another." *Mich Ed Employees Mut Ins Co v Morris*, 460 Mich 180, 197; 596 NW2d 142 (1999). "[W]hether a claim for unjust enrichment can be maintained is a question of law . . . ." *Morris Pumps v Centerline Piping, Inc*, 273 Mich App 187, 193; 729 NW2d 898 (2006). "The essential elements of [an unjust enrichment] claim are (1) receipt of a benefit by the defendant from the plaintiff, and (2) which benefit it is inequitable that the defendant retain." *Meisner Law Group PC v Weston Downs Condo Ass'n*, 321 Mich App 702, 721; 909 NW2d 890 (2017) (quotation marks and citation omitted; alteration in original). " 'The theory underlying quantum meruit recovery is that the law will imply a contract in order to prevent unjust enrichment . . . .' As such, claims for unjust enrichment and quantum meruit have historically been treated in a similar manner." *NL Ventures VI Farmington, LLC v Livonia*, 314 Mich App 222, 241; 886 NW2d 772 (2015) (citation omitted; ellipsis in original). Thus, the same elements required to establish an unjust-enrichment claim are also required to "sustain a claim of quantum meruit . . . ." *Morris Pumps*, 273 Mich App at 195. A party may raise a claim of unjust enrichment or quantum meruit "only if there is no express contract covering the same subject matter." *Local Emergency Fin Assistance Loan Bd v Blackwell*, 299 Mich App 727, 734; 832 NW2d 401 (2013) (quotation marks and citation omitted).

The trial court did not err when it granted summary disposition of plaintiff's claims for unjust enrichment and quantum meruit in defendants' favor on the basis of the six-month limitations period in the employment agreement. The contractual provision at issue, paragraph 27 of the employment agreement, states:

> 27. <u>Statute of Limitations</u>. Employee understands and agrees that any claim relating to this Agreement including any claim relating to Employee's employment or termination of employment with the Company must be filed no more than six (6) months after the termination of this Agreement. Employee waives any statute of limitations to the contrary[.]

The language and meaning of this provision are plain. Plaintiff agreed that any claim related to the employment agreement, including any claim related to his employment or termination of his employment with defendants, had to be filed no more than six months after *termination of the employment agreement*. Paragraph 27 also establishes that plaintiff waived any other statute of limitations to the contrary.

Plaintiff's claims of unjust enrichment and quantum meruit related to his employment and termination of his employment with defendants. Plaintiff's unjust enrichment and quantum meruit claims include allegations that defendants "should have properly compensated [p]laintiff for all

sums earned, billed, or pending for services performed through and including July 28, 2019." Plaintiff also alleged that defendants "received a benefit from [p]laintiff[']s *work* in an amount exceeding $100,000," and that the "fair value of [his] *work* [was] reasonably calculated as the method of compensation set forth in the parties['] *agreements* . . . ." (Emphasis added.) It is clear that plaintiff's allegations under his claims for unjust enrichment and quantum meruit relate to the employment agreement, and employment and termination of employment, with defendants. The allegations reference "work" that plaintiff did for defendants, as well as the parties' agreement and the methods for calculating the fair value of plaintiff's work. As a result, plaintiff's unjust enrichment and quantum meruit claims come within the plain language of paragraph 27 of the employment agreement. Therefore, the six-month limitations period applies to plaintiff's claims for unjust enrichment and quantum meruit.

The trial court properly concluded that plaintiff's claims for unjust enrichment and quantum meruit are barred by the six-month limitations period in the employment agreement. The employment agreement was extended to a three-year term effective June 6, 2016, and, thus, was terminated on June 6, 2019. Therefore, under the plain language of paragraph 27 of the employment agreement, plaintiff had six months within which to file a complaint after the employment agreement terminated. That is, plaintiff had until December 6, 2019, to file his complaint. Additionally, even if plaintiff's additional work for defendants extended the termination date of the employment agreement to July 28, 2019, he would have been required to file his complaint by January 28, 2020. Because plaintiff did not file his complaint until February 4, 2020, it was untimely, regardless of whether June 6, 2019, or July 28, 2019, was the employment agreement's termination date. As a result, the trial court properly granted summary disposition of plaintiff's claims for unjust enrichment and quantum meruit.

Plaintiff claims that the work he completed between the time the contract terminated on June 6, 2019, and when he resigned on July 28, 2019, was extracontractual, and this should bar application of the shortened limitations period in the employment agreement. In support of this claim, plaintiff relies, in part, on *Woods v Saginaw*, 506 Mich 937, 949 NW2d 456 (2020). Plaintiff's reliance on *Woods* is misplaced. *Woods* dealt with whether summary disposition was properly granted under MCR 2.116(C)(8). *Id*. at 937. There, the Supreme Court concluded that the "plaintiff's amended complaint and attached exhibits were legally sufficient to plead his claim that the defendant was unjustly enriched by extra-contractual work completed by the plaintiff." *Id*. This case involves a grant of summary disposition under MCR 2.116(C)(7) on the basis of a contractual provision regarding the statute of limitations. Thus, *Woods* is distinguishable.

Additionally, as noted, a party can raise a claim of unjust enrichment or quantum meruit "only if there is no express contract covering the same subject matter." *Local Emergency*, 299 Mich App at 734 (quotation marks and citation omitted). The employment agreement covers the timing requirements for bringing a claim and, by agreement of the parties, the limitations period remained in effect after the employment agreement was terminated. Therefore, an express contract "covering the same subject matter" exists. *Id*. (quotation marks and citation omitted). Although the employment agreement terminated on June 6, 2019, plaintiff agreed to be bound by the shortened, six-month limitations period in the employment agreement for *any* claims related to the agreement, his employment, or his termination. And, as the trial court noted, plaintiff agreed to be bound by the six-month limitations period even after the agreement was terminated, as explained in paragraph 8.3 of the employment agreement. Plaintiff's claims for unjust enrichment

and quantum meruit are clearly related to his employment with defendants, as well as his termination of employment, and thus, the shortened limitations period applies. Therefore, the trial court properly granted summary disposition of plaintiff's claims of unjust enrichment and quantum meruit.

## III. MISREPRESENTATION

Plaintiff argues the trial court erred when it concluded his misrepresentation claim was barred by the six-month limitations period in the employment agreement. We disagree.

The elements of common-law fraud or fraudulent misrepresentation are:

(1) the defendant made a material representation; (2) the representation was false; (3) when the representation was made, the defendant knew that it was false, or made it recklessly, without knowledge of its truth, and as a positive assertion; (4) the defendant made it with the intention that the plaintiff should act upon it; (5) the plaintiff acted in reliance upon the representation; and (6) the plaintiff thereby suffered injury. [*Roberts v Saffell*, 280 Mich App 397, 403; 760 NW2d 715 (2008), aff'd 483 Mich 1089 (2009).]

As noted above, the plain language of paragraph 27's six-month limitations period establishes that plaintiff agreed that any claim related to the employment agreement, including any claim related to his employment or termination of his employment with defendants had to be filed no more than six months after the employment agreement was terminated, i.e., six months from June 6, 2019.

Plaintiff's misrepresentation claim is related to the employment agreement, and plaintiff's employment and termination of employment with defendants. Plaintiff alleged that defendants, during negotiations related to plaintiff's employment, made several allegations, including (1) plaintiff's term of service included obligations through July 28, 2019, and his employment agreement would be extended; (2) billing irregularities would be addressed and staffing issues would be resolved; and (3) plaintiff would be compensated for his work. Plaintiff alleged that these representations (allegedly made during negotiating his continued employment with defendants) were false when made or, at minimum, were made recklessly without knowledge regarding their truth and with the intent that plaintiff rely on them. Plaintiff further alleged that in reliance on these misrepresentations, he continued "perform[ing] medical services, cooperate[d] in billing, defer[red] seeking alternate employment, and negotiated a potential contract extension in good faith." Moreover, plaintiff alleged he "would not have completed the acts" described above were it not for defendants' representations that "induc[ed] such reliance." Plaintiff alleged defendants' misrepresentations caused him loss of income, "humiliation, outrage, indignation, and loss of business opportunities."

The allegations of plaintiff's misrepresentation claim are clearly related to plaintiff's employment agreement as they discuss representations allegedly made in negotiations related to plaintiff's continued employment with defendants. The allegations also clearly relate to plaintiff's employment and termination of employment with defendants because the allegations discuss plaintiff's continued performance of responsibilities, including performing medical services. As

a result, plaintiff's misrepresentation claim comes within the plain language of paragraph 27 of the employment agreement. Therefore, the six-month limitations period applies to plaintiff's misrepresentation claim. To the extent plaintiff argues that the six-month limitations period does not apply because the services he performed and the misrepresentations made were extracontractual, paragraph 8.3 of the employment agreement establishes that paragraph 27, the six-month limitations period provision, "shall continue to be given effect in accordance with [its] terms," even after the agreement terminated. Thus, as discussed above, plaintiff's complaint was not filed within that six-month window. As a result, the trial court properly concluded plaintiff's misrepresentation claim was barred by the six-month limitations period in the employment agreement.[1]

## IV. WAIVER, EQUITABLE ESTOPPEL, AND EQUITABLE TOLLING

Plaintiff argues the trial court improperly rejected his arguments regarding waiver, estoppel, and equitable tolling. We address each in turn.

This Court reviews de novo whether the trial court properly applied Michigan's common law. *New Prod Corp v Harbor Shores BHBT Land Dev, LLC*, 308 Mich App 638, 644; 866 NW2d 850 (2014). A trial court's decision regarding the applicability of the doctrine of equitable estoppel is reviewed de novo on appeal. *Sylvan Twp v Chelsea*, 313 Mich App 305, 315-316; 882 NW2d 545 (2015).

### A. WAIVER

Plaintiff argues that the trial court improperly rejected his request to apply waiver to preclude defendants' reliance on the six-month limitations period. Plaintiff has abandoned the issue.

"An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give issues cursory treatment with little or no citation of supporting authority." *Houghton ex rel Johnson v Keller*, 256 Mich App 336, 339; 662 NW2d 854 (2003) (citations omitted). "An appellant's failure to properly address the merits of his assertion of error constitutes abandonment of the issue." *Id*. at 339-340 (citation omitted). That is, "[t]he appellant . . . must first adequately prime the pump; only then does the appellate well begin to flow." *Mitcham v Detroit*, 355 Mich 182, 203; 94 NW2d 388 (1959).

Although plaintiff asserts that waiver remains a "viable" doctrine despite our Supreme Court's decision in *Rory*, 473 Mich at 470 (related to the validity of contractual limitations period), plaintiff's brief on appeal contains no analysis of the waiver issue, and states in a conclusory fashion that "[a]pplying the fairness of . . . waiver to a conflict regarding the binding effect of a

---

[1] Given our conclusion that summary disposition was properly granted under MCR 2.116(C)(7) on the basis of the six-month limitations period in the employment agreement, we need not address defendants' alternative argument that summary disposition of the misrepresentation claim would have been proper under MCR 2.116(C)(8) because plaintiff's allegations were vague and lacked specificity.

shortened limitations period is well established." Plaintiff does not explain why waiver is allegedly applicable, and does not provide any information that could direct this Court to the basis for his reliance on waiver. Therefore, plaintiff's cursory treatment of this issue, and failure to properly address the merits of his assertion of error, renders it abandoned. *Houghton*, 256 Mich App at 339-340.

Although we may decline to address an abandoned issue, after review, we conclude that plaintiff has not demonstrated that defendants waived their right to rely on the six-month limitations period. "A waiver is an intentional relinquishment or abandonment of a known right." *Nexteer Auto Corp v Mando America Corp*, 314 Mich App 391, 395; 886 NW2d 906 (2016). Plaintiff has not alleged any conduct by defendants indicating an intent to relinquish or abandon their right to rely on the six-month limitations period. Therefore, waiver does not apply.

## B. EQUITABLE ESTOPPEL

Plaintiff asserts that the trial court improperly rejected his request to apply equitable estoppel to toll his claims against defendants and preclude dismissal on the basis of the six-month limitations period in the employment agreement. We disagree.

Equitable estoppel "is a judicially created exception to the general rule that statutes of limitation run without interruption. It is essentially a doctrine of waiver that extends the applicable period for filing a lawsuit by precluding the defendant from raising the statute of limitations as a bar." *Cincinnati Ins Co v Citizens Ins Co*, 454 Mich 263, 270; 562 NW2d 648 (1997).

> For equitable estoppel to apply, plaintiff must establish that (1) defendant's acts or representations induced plaintiff to believe that the limitations period clause would not be enforced, (2) plaintiff justifiably relied on this belief, and (3) []he was prejudiced as a result of h[is] reliance on h[is] belief that the clause would not be enforced. [*McDonald*, 480 Mich at 204-205.]

Plaintiff has failed to establish that defendants' representations induced him to believe that the six-month limitations period clause would not be enforced. Plaintiff's complaint does not allege that defendants made any representations regarding whether the limitations period provision would be enforced. Rather, plaintiff's complaint focuses on representations related to negotiations for his continued employment, and regarding the services plaintiff performed that allegedly unjustly enriched defendants. Moreover, plaintiff made no such allegations in his response to defendants' motion for summary disposition, or in his supplemental brief. Defendants stressed this defect in plaintiff's allegations in their reply brief in support of summary disposition. Because plaintiff failed to allege any acts or representations by defendants that induced him to believe the limitations period clause would not be enforced, equitable estoppel does not apply to toll the limitations period.

## C. EQUITABLE TOLLING

Plaintiff also argues that equitable tolling should apply and bar defendants' reliance on the six-month limitations period. We disagree.

To the extent plaintiff's reliance on equitable *tolling* differs from his request to use equitable estoppel to toll the statute of limitations, equitable tolling does not apply. As our Supreme Court stated in *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 406; 738 NW2d 664 (2007), application of equitable tolling "is limited to those circumstances when the courts themselves have created confusion," such as in instances when a party must navigate a " 'jumble of convoluted caselaw . . . .' " (Quotation marks and citation omitted.) And, in any event, to prevail on a claim that he is entitled to equitable tolling, a plaintiff must show "that [the] defendant induced [him] to refrain from bringing an action within" the applicable limitations period. *Secura Ins Co v Auto-Owners Ins Co*, 232 Mich App 656, 661; 591 NW2d 420 (1998), aff'd 461 Mich 382 (2000). Plaintiff's failure to file his complaint within the six-month limitations period did not stem from confusion created by any court, and, as discussed, plaintiff has not established that defendants induced him to refrain from filing his complaint within the six-month limitations period. Therefore, equitable tolling does not apply.

Affirmed.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Colleen A. O'Brien